JOSEPH S. FAY & others *vs.* EZRA F. LOCKE.

Barnstable.    January 22, 1909. — March 3, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Real Action.    Jurisdiction.    United States.*

The heirs of the grantor of land which had been conveyed to the United States for certain public purposes, subject to a condition that, if the land was not used for the purposes specified, it should revert to the grantor, brought a writ of entry against an officer of the United States who was in possession of the land and who refused to give up possession to the demandants, the contention of the demandants being that the land was not being used for the purposes specified and therefore that they had a right to the possession of it. The tenant contended only that the State court had no jurisdiction of the case because his holding was under the authority of the United States. His contention was overruled and a judgment was entered for the demandants, from which he appealed. *Held,* that the judgment should be affirmed, since the assertion of the tenant that he was acting in an official capacity as a representative of the United States was ineffectual to deprive the State court of jurisdiction unless he also showed that the right of the United States was such as to justify him in his action, and since, by the provisions of R. L. c. 1, § 6, if the land in question had ceased to be used for the public purposes specified, the Commonwealth had exclusive jurisdiction over it.

WRIT OF ENTRY, filed in the Superior Court for the county of Barnstable on May 20, 1903.

The tenant filed an "answer in abatement," which was heard and overruled by *Fessenden,* J., and the tenant appealed. Without the filing of any further answer the case was heard upon an agreed statement of facts by *Fessenden,* J., who or-

dered judgment for the demandants; and the tenant appealed. The facts are stated in the opinion.

*Asa P. French & W. H. Garland*, for the tenant.

*G. Murchie*, for the demandants.

KNOWLTON, C. J. This is a writ of entry to recover land in the town of Falmouth. Upon the facts agreed it appears that the demandants are the heirs at law of Joseph S. Fay, who, on October 10, 1882, conveyed the premises to Charles F. Choate and J. Malcolm Forbes as trustees, under a trust expressed as follows: "To hold the same primarily for the uses of the United States commission on fish and fisheries, . . . and in the further trust, at any time, upon the request of the United States commissioner of fish and fisheries, or of the Secretary of the Treasury, to that effect in writing, to convey the premises hereby granted to the United States of America in fee simple, free and discharged of all trusts, — provided, however, that if hereafter the premises hereby conveyed are not used for the purposes of said commission of fish and fisheries, nor by the said United States, the same shall revert to the said Joseph S. Fay, his heirs and assigns, etc." By a letter dated April 13, 1883, the United States commissioner of fish and fisheries made the request in writing provided for in the deed, and the trustees, accordingly, on April 20, 1883, conveyed the estate to the United States, but subject to the condition quoted above. The premises conveyed have never been used for the purposes of the United States commission of fish and fisheries, nor by the United States of America.

The tenant has been in possession of the land, as superintendent of the station of the United States commission of fish and fisheries in Wood's Hole. On April 9, 1903, the demandants, through their agent, entered and took possession of the premises, claiming ownership, and posted signs as a notification of their claim. On May 7, 1903, one of the demandants in person, in his own behalf and for the other heirs of Joseph S. Fay, entered the premises and claimed the land and took possession of it. He also posted notices on the premises, setting forth a claim of ownership. On each of these dates the tenant was notified of the entry, and his attention was called to the notices, and the premises were demanded of him; but he withheld the possession

and threatened to put the demandant off the premises by force, and tore down the notices, and posted other notices forbidding any entry thereon. On May 15, 1903, this suit was brought.

The deed of the father of the demandants was made upon a condition subsequent, and the deed of the trustees to the United States was made upon the same condition. There has been a breach of the condition, as the premises have never been used for the purposes for which they were conveyed, although more than twenty years elapsed after the making of the second deed before this suit was brought. The grantor and his heirs, therefore, had a right of entry for a breach of the condition, and they have exercised this right. *Hayden* v. *Stoughton*, 5 Pick. 528. *Gray* v. *Blanchard*, 8 Pick. 283. *Austin* v. *Cambridgeport Parish*, 21 Pick. 215. *Hadley* v. *Hadley Manuf. Co.* 4 Gray, 140. *Rawson* v. *Uxbridge School District*, 7 Allen, 125, 128. *Allen* v. *Howe*, 105 Mass. 241. The title acquired by the United States under its deed is the same as would pass to any private party under a similar deed. Upon these facts the demandants appear to have a perfect title.

The only defense set up is under an answer in abatement, in which the tenant denies the jurisdiction of the court because of the deed to the government of the United States, and because his holding was under the authority of the United States. This answer was overruled by the Superior Court, and the case was afterwards heard upon an agreed statement of facts, the tenant, upon an inquiry by the judge, having said that he did not desire to file an answer. Judgment having been ordered for the demandants, the tenant appealed.

Regularly, when this answer was overruled, a further plea or answer should have been filed. But we may take the agreed statement of facts as a waiver of all questions of pleading and deal with the case upon these facts. The deeds that appear of record, and the entry of the demandants and the conduct of the tenant, make a perfect case for the demandants, unless the fact that the deed was to the United States bars the proceedings. The tenant's first contention is that his assertion of a right as an officer acting under the authority of the United States deprives the State courts of jurisdiction to determine the demandants' rights against him. This contention is answered by the decision

in *United States* v. *Lee*, 106 U. S. 196, which has been reaffirmed in *Poindexter* v. *Greenhow*, 114 U. S. 270, 288 *et seq.*, and in *Tindal* v. *Wesley*, 167 U. S. 204, and cases cited. Under these decisions it is not enough for an officer to assert that he is acting in an official capacity as a representative of the United States, but he must show that the right of the United States is such as to justify him in his action. The subject is very fully and ably discussed in the first and last of the three cases cited. This defense cannot avail the tenant. Of course a judgment for the demandants against the tenant does not affect the title of the United States under its deed. That is open for further litigation, if there is a dispute about it. *Tindal* v. *Wesley*, 167 U. S. 204, 223. *United States* v. *Lee*, 106 U. S. 196, 223.

The only other ground of defense is that the State court has no jurisdiction of any case affecting land conveyed to the United States for such a public use. But the statute under which the jurisdiction of the United States was acquired by a virtual cession from the State government to the federal government expressly reserves exclusive jurisdiction over this place to the State, under the conditions that now exist. Under R. L. c. 1, § 2, which has been in force from early times, " The sovereignty and jurisdiction of the Commonwealth extend to all places within the boundaries thereof, subject to the concurrent jurisdiction granted over places ceded to the United States." In R. L. c. 1, § 6, are the provisions relative to lands, a title to which is acquired in fee by the United States for certain public uses, including the use of the United States fish and fisheries commission. The last part of this section is as follows: " But the Commonwealth shall retain concurrent jurisdiction with the United States in and over all such tracts of land to the extent that all civil and criminal processes issuing under authority of the Commonwealth may be executed thereon in the same way and manner as if jurisdiction had not been ceded as aforesaid, and exclusive jurisdiction over any such tract shall revest in the Commonwealth if such tract ceases to be used by the United States for such public purposes." The United States can exercise no jurisdiction over the land in contravention of this section.

*Judgment affirmed.*