H. K. HELMS v. EMERGENCY CROP & SEED LOAN OFFICE—FARM CREDIT ADMINISTRATION.

(Filed 13 December, 1939.)

1. **United States § 4—**

The Emergency Crop and Seed Loan Office, a branch of the Farm Credit Administration, is an agency of the United States Government, and enjoys sovereign immunity, and may be sued, if at all, only in accordance with the acts of Congress regulating such suits, U. S. C. A. Title 28, sections 761, 762, 763.

2. **Constitutional Law § 6a—**

The propriety of permitting suits against a Federal agency whose activities result in numerous contractual relationships with citizens of the State is a question for the lawmaking body, and the courts must grant it sovereign immunity against suit in the State courts except in accordance with acts of Congress.

APPEAL by defendant from *Sink, J.,* at August Term, 1939, of UNION. Reversed.

*Vann & Milliken for plaintiff, appellee.*
*Marcus Erwin, United States Attorney, W. M. Nicholson, Assistant United States Attorney, W. R. Francis, Assistant United States Attorney, and Maurice W. Hibschman for defendant, appellant.*

SEAWELL, J. The plaintiff brought this suit to recover damages for the conversion by the defendant of 500 pounds of lint cotton, upon which he alleges he had a rent lien, under the laws of North Carolina, superior to any title which the defendant might assert.

Defendant filed no answer and a judgment by default and inquiry was rendered by the clerk of the Superior Court on 26 April, 1937. Thereafter, defendant's attorney, before the issue as to damages had been submitted, entered a special appearance and moved that the judgment be vacated and the cause dismissed, for that the defendant, Emergency Crop & Seed Loan Office, is an agency of the Farm Credit Administration, an agency of the United States, created by executive order, and cannot be legally sued without its consent, pursuant to an Act of Congress, and that plaintiff's action is without permission or authority; and for that the suit was not instituted nor service had in accordance with the laws of the United States.

After finding pertinent facts, Judge Hoyle Sink, at term time, entered a judgment denying defendant's motion, and, thereupon, caused a jury to be impaneled and the amount of damages ascertained. The jury gave

a verdict for $75.00, the value of the cotton, and judgment was entered accordingly, from which defendant appealed, assigning as error the refusal to allow the motion to dismiss, as above summarized.

The Act of Congress under which the Emergency Crop & Seed Loan Office, a branch of the Farm Credit Administration, was created by presidential edict, makes no provision by which it may be sued in the courts of this State. It is, however, an agency of the United States Government and enjoys the immunity against suit in the State courts that attends the Sovereign. *North Dakota—Montana Wheat Growers Assn.*, 66 Fed. (2d), p. 573; *Buckley v. United States,* 196 Fed., p. 430; *Cohens v. Virginia,* 6 Wheat., 266, 54 L. Ed., 257. If the suit may be brought at all, it must be brought in accordance with the Acts of Congress regulating such suits. U. S. C. A., Title 28, sections 761, 762, 763.

The want of reciprocity in securing relief for wrongs committed by an agency given such wide power of dealing with the citizens of the State—and almost certain to complicate the rights of others—is a subject that might appeal to the lawmaking bodies, but one over which this Court has no jurisdiction. *United States v. Wickensham,* 10 Fed., p. 505. The propriety of adjustment of matters of this kind through administrative process or other methods which the Government may have seen fit to provide is not subject to criticism here.

This Court is without power to aid the plaintiff, and the judgment of the court below is

Reversed.