WILLIAM TUTHILL PARRY *vs.* DENIS W. DELANEY.

Suffolk. February 3, 1941. — October 30, 1941.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Jurisdiction*, Federal agency. *Equity Jurisdiction*, Retention for assessment of damages.

The courts of this Commonwealth have no jurisdiction to compel the administrator of the Federal Work Projects Administration for this district to rehire one alleged to have been unwarrantably discharged from employment therein.

A suit in equity wherein the court had no jurisdiction to grant equitable relief which would interfere with performance by the defendant of his

duties as an administrator of the Federal Work Projects Administration need not be retained for assessment of damages against the defendant as an individual.

BILL IN EQUITY, filed in the Superior Court on August 9, 1940.

The defendant's demurrer was sustained and the bill dismissed by decrees entered by order of *Greenhalge,* J.

*J. H. Klein,* (*J. Sugarman & G. E. Lodgen* with her,) for the plaintiff.

*G. F. Garrity,* Assistant United States Attorney, for the defendant.

RONAN, J.    The plaintiff in this bill in equity alleges that he was wrongfully discharged from his employment with the Work Projects Administration, hereinafter called W. P. A., an agency of the Federal government, which was continued in existence until June 30, 1941, by a joint resolution of the Senate and House of Representatives (see Emergency Relief Appropriation Act of 1941, U. S. C. Title 15, §§ 721–728), and seeks reinstatement and the assessment of damages against the defendant, who is the administrator of the W. P. A. for the Federal district comprising the Commonwealth.    The plaintiff appealed from an interlocutory decree sustaining a demurrer and from a final decree dismissing the bill.

The plaintiff upon the allegations of the bill was an employee of the United States, *Donnelly's Case,* 304 Mass. 514; *Love* v. *United States,* 108 Fed. (2d) 43; certiorari denied, 309 U. S. 673; *Carver* v. *Haynes,* 37 Fed. Sup. 607; and, whatever the grounds were for his discharge, they would not warrant the issuance of an injunction restraining the defendant from refusing to reinstate the plaintiff or a mandatory injunction requiring such reinstatement.    State courts have no power of supervision or regulation over the administration of the internal affairs of this Federal agency or to interfere with the performance of its functions by those to whom this duty has been entrusted by the acts of Congress. *Carr* v. *United States,* 98 U. S. 433.    *Stanley* v. *Schwalby,* 162 U. S. 255.    *Morrison* v. *Work,* 266 U. S. 481.    *North Dakota–Montana Wheat Growers' Association* v. *United States,*

66 Fed. (2d) 573. *Love* v. *United States,* 108 Fed. (2d) 43. *United States* v. *Owlett,* 15 Fed. Sup. 736. *Kennedy* v. *Public Works Administration,* 23 Fed. Sup. 771. *Carver* v. *Haynes,* 37 Fed. Sup. 607. *Middlesboro* v. *Kentucky Utilities Co.* 284 Ky. 833. *Helms* v. *Emergency Crop & Seed Loan Office–Farm Credit Administration,* 216 N. C. 581. *Goldstein* v. *Sommervell,* 170 Misc. (N. Y.) 602. *Hinkle* v. *Franklin,* 118 W. Va. 585.

The plaintiff seeks a decree ordering this Federal agency to rehire him. Compliance with such a decree would necessarily require the government to accept the continuance of services by the plaintiff and would impose an obligation to pay for these services out of Federal funds and would affect the pecuniary interests of the United States, the real party in interest, *Hagood* v. *Southern,* 117 U. S. 52, 67; *In re Ayers,* 123 U. S. 443, 498, 502; *Pennoyer* v. *McConnaughy,* 140 U. S. 1; *Belknap* v. *Schild,* 161 U. S. 10, 18; *Goldberg* v. *Daniels,* 231 U. S. 218; *Wells* v. *Roper,* 246 U. S. 335; *Worcester County Trust Co.* v. *Riley,* 302 U. S. 292, 296; *Boeing Air Transport, Inc.* v. *Farley,* 75 Fed. (2d) 765, and in the absence of consent to be sued, there is no jurisdiction in our courts to issue a decree by which the United States would be bound. *Fay* v. *Locke,* 201 Mass. 387. *Keegan* v. *Director General of Railroads,* 243 Mass. 96. *Lynch* v. *United States,* 292 U. S. 571. *Minnesota* v. *United States,* 305 U. S. 382. *United States* v. *Sherwood,* 312 U. S. 584. *United States* v. *Alabama,* 313 U. S. 274.

We need not consider other objections to the maintenance of the suit. The plaintiff's contention that he is entitled to damages against the defendant individually, even if it could be sustained upon any conceivable ground, which we do not intimate, does not require a court of equity to retain this suit for the assessment of damages. *Capen* v. *Leach,* 182 Mass. 175. *Richardson Shoe Machinery Co.* v. *Essex Machine Co.* 207 Mass. 219. *Florimond Realty Co. Inc.* v. *Waye,* 268 Mass. 475. *Smith* v. *New England Aircraft Co. Inc.* 270 Mass. 511, 532. *Barry* v. *Frankini,* 287 Mass. 196.

*Interlocutory and final decrees affirmed.*