# CHARLESTON.

HEATH *v.* JOHNSON.

Submitted September 13, 1892.—Decided  Oct   6, 1892.

1. CONSTITUTIONAL LAW—AMENDATORY ACTS.

> When the title of an original act of the legislature sufficiently expresses its object in the manner required by the constitution, an act amendatory thereof may, by its title, simply refer to the section of the original act which it is intended to amend, and this will be a sufficient compliance with section 30 of article 6 of the constitution.

2. MANDAMUS—TEACHERS—OFFICERS AND OFFICES.

> The occupation of a teacher of a free school in this State is not a public office, but an employment; and such teacher can not be compelled by *mandamus* on the petition of a publisher to use such publisher's books in the teaching, although their use may be prescribed by section 58, c. 103, Acts 1891.

. *Brown, Jackson & Knight* for plaintiffs in error  cited the following authorities:

1.—*Constitutionality of chapter* 103 *of the Acts of* 1891.—Cool. Consts. Lim.; 16 Ind. 197; 6  W. Va.  562;  Acts of Legislature of W. Va.

2.—*Construction of said Acts.*—Suth. Stat. Constrs.

3.—*Mandamus.*—High Ex. Leg. Rem. ;  10 Cal.  212;  70 Am. Dec. 711;  45 Mo. 294;  24 Mich. 469;  44  Mich. 479 ; 42 Conn. 13 ; 136 Mass. 50 ;  36 Mich. 195 ; 13 Gratt.  253.

4.—*Demand and refusal not necessary.*—High Ex.  Leg. Rem. § 41; 14 Am. & Eng. Ency. Law 106, 141, 142; 17 W. Va.  595;  37 Pa. St. 237;  7 Ia. 186;  Id 390; 6 Nev. 30;  22 Wis. 259 ; 23 Md. 482.

5.— *Weight of  Attorney-General's opinion.*—24  W. Va. 362.

*Watts & Ashby* and *J. E. Chilton*  for defendant in  error cited the following authorities:

1.—*Demand and Refusal.*—Moses on *Mandamus* p. 204 ; Short on *Mandamus* p. 247; Amer. *v.* Eng. Enc. Law, Vol. 14, pp. 141 and 167; Bryson *v.* Spaulding, 20 Kansas  427;

Dobbs *r.* Stauffer, 24 Kansas 127 ; Kemever *v.* State 7 Neb. 130 and 133; People *v.* Village of Hyde Park, 117 Ill. 462 ; State *v.* Davis, Treas. 17 Minn. 439 ; High Ex. Legal Rem. §§ 13 and 41.

2.—*Constitutionality of Statute (a) Title of Act.*—Constitution, Art. 6, § 30, Code p. 30 ; Cooley's Cons. Lim. (6th Ed.) p 172 ; Acts 1891, c. 103, p. 312 ; Sutherland Stat. Con. pp. 117 and 118 (top) and authorities; Cutlip *v.* Sheriff, 3 W. Va. 589; Shields & Preston *v.* Bennett, Auditor, 8 W. Va. 74; Slack *v.* Jacobs Id. p. 640, points 11 and 12 of syllabus ; Burnett *v.* Turner, 87 Tenn. 124; Hymen *v.* State, Id. p. 109; Feibleman *r.* The State, 98 Ind. 521; Pennoyer *v.* Woolfolk, 79 Ky. pp. 13, 20 and 21 ; People *v.* Hill, 35 N. Y. 449 ; People *v.* Briggs, 50 N. Y. 553 ; Tingue *v.* Village of Port Chester, 101 N. Y. 302 and 303. *(b) Mandatory.* Cooley's Con. Lim. pp. 179 and 180. *(c) Contemporary Construction.* C. & O. R. R. Co. *v.* Miller, Auditor, 19 W. Va. 408 ; Suth. Stat. Con. § 307 ; Cooley's Con. Lim. p. 84.

3.—*Contracts not Enforced by Mandamus.*—The People *v.* Dulaney, 96 Ill. 503 ; State *v.* Bridge Co., 20 Kansas 404 ; State *r.* Howard County Court, 39 Mo. 375 ; State *v.* R. R. Co., 37 La. Ann. 589 ; Bailey *v.* Oviatt, 46 Vt. 627 ; Parrott *v.* City of Bridgeport, 44 Conn. 180 ; Benson *v.* Paull, 6 El. and Bl. 273 ; State *v.* Zanesville Turnpike Co., 16 Ohio St. 308.

4.—*Teacher not an officer.*—Code, c. 45, §§ 2, 4 and 13 ; Spear *v.* Cummings, 23 Pick. 214.

5.—*Construction of Statute.*—Suth. Stat. Con. secs. 239, 240, 241, 323, 324 and 408.

6.—*Attorney General's opinion.*—State *v.* Buchanan, 24 W. Va. 362 ; Code, c. 120, p. 789.

7.—*Acts concerning education.*—Acts 1863, c. 137, p. 245 ; Acts 1865, c. 59, p. 52; Acts 1866, c. 74, p. 54 ; Acts 1867, c. 98, p. 113 ; Acts 1872-3, c. 123, p. 382; Acts 1881, c. 15, p. 168 ; Acts 1891, c. 103, p. 312; Acts 1891, c. 63, p. 168.

LUCAS, PRESIDENT :

This was an application to the Circuit Court of Kanawha county by the plaintiffs, D. C. Heath & Co., for a *mandamus* to compel one Belle Johnson, the respondent, as teacher of

a free school of the common class, to use exclusively the school-book entitled "Hyde's Practical Lessons in the Use of English" in teaching grammar classes in her said school. The plaintiffs or petitioners were the publishers of said school-book, and allege in their petition that the aforesaid lessons in English are familiarly known as "Hyde's Language Lessons, Books 1 & 2." They allege in the petition that the school taught by respondent is a common school; that she has classes studying English grammar; that in teaching said grammar classes she does not use Hyde's Language Lessons, either Books 1 or 2, as required by chapter 103 of the Acts of 1891, but, on the contrary she has refused, and still refuses to use said books, and uses certain books not authorized by said act, to wit, Harvey's Revised Grammar.

The petition further sets out the act of the 13th March, 1891, being chapter 103 of said Acts, entitled "An act to amend and re-enact section 58 of chapter 45 of the Code of West Virginia," which provides, among other things, that Hyde's Language Lessons, Books 1 & 2, should be used for common and graded schools, and Harvey's Revised Grammars for graded and high schools; and providing, further, that the State Superintendent of Free Schools should on or before the 1st day of July, 1891, contract with the several publishers of the text-books prescribed, as aforesaid, for the supply of such text-books, such contract to be made for the period of five years from the 1st day of July, 1891. The petition further sets out that the contract just mentioned between them and the State Superintendent of Free Schools has been entered into for a period of five years, and that they have complied with the same on their part.

They further allege that they have applied to the Superintendent of Free Schools of Kanawha county to enforce the use of their books as provided by statute, but he has failed and refused to do so. They asked for a rule against Belle Johnson, the teacher, to answer why a *mandamus* should not issue to compel her to use exclusively Hyde's Practical Lesson, *etc.*, in teaching grammar classes in her school. On the 11th day of April, 1892, the respondent, Belle Johnson, appeared by counsel, and moved the court

to quash the petition and dismiss the rule theretofore awarded, which motion the court sustained, and from this order this writ of error is prosecuted.

The act in question is section 58 of chapter 45 of the Code, as amended by the legislature of 1891, and will be found in Code 1891, p. 391. Counsel for the defendant in error maintain that this act is unconstitutional, because in its caption it simply reads, "An act to amend 'An act to amend and re-enact section 58 of chapter 45 of the Code of West Virginia;'" and it is claimed that this is in violation of section 30 of article 6 of the constitution: "No act hereafter passed shall embrace more than one object, and that shall be expressed in the title. But if any object is embraced in an act which is not so expressed, the act shall be void only as to so much thereof as shall not be so expressed, and no law shall be revived or amended with reference to its title only, but the law revived or the section amended shall be inserted at large in the new act," *etc.*

We do not think this objection to the law is sound. The provision cited seems to refer rather to original acts than to those which are only amendatory; but, supposing it to apply to the latter, when the amendment in its title points not only to the chapter which is to be amended, but to the very section, it seems to us to amount to a sufficient expression of the object of the law to prevent any of the evils which the constitutional provision was intended to remedy.

Admitting the law, therefore, to be constitutional, and that the owners of Hyde's Language Lessons have complied with its provisions on their part, it is quite obvious they have some rights in the premises, and where there is a right there ought to be a remedy.

In the present case, however the question is whether they have chosen the proper remedy, and whether they have proceeded against the proper person. The law expressly declares "it shall be the duty of the county superintendents to enforce by all proper means the use of the text-books which may be prescribed as herein provided." Code (1891) c. 45, s. 58. Now, the superintendent is an officer of the state, and the duty to enforce the use of the prescribed text-books is devolved distinctly and directly upon him. . The teacher

on the other hand, whatever may be the case in other states, is not in this State a public officer, but is on employe, and his position not a public office, but an employment. The teacher is responsible, not to the public, nor to the patrons of the school, but to the proper school-officers, the trustees, board of education, county superintendent, and state superintendent of free schools.

According to the provisions of the Code, by the fifty fifth section of chapter forty five the county superintendent shall at all times conform to the instructions of the state superintendent as to all matters within the jurisdiction of the latter.

Furthermore, by section 54 of the same act, it is made the duty of the county superintendent to visit each school within his county at least once in each school year, to note the course and method of instruction, and the branches taught, and give such directions in the art of teaching and the method thereof in each school as to him shall seem necessary or expedient, *etc.*

He shall, furthermore, acquaint himself as far as practicable with the character and condition of each school, noting any deficiencies that may exist either in the government of the school, the classification of its scholars, or the method of instruction employed in the several branches, and shall make such suggestions in private to the teachers, orally or by writing, as to him shall appear to be necessary, *etc.*

Moreover, as we have seen, the act prescribing the textbooks makes it the direct and positive duty of the county superintendents to see that the teachers use them. Whether this use is to be exclusive is not a question involved in this case, since the motion to quash the petition was equivalent to a demurrer to the alternative writ, and admitted all the facts stated in the petition, and, among the rest, a statement that the teacher, Belle Johnson, did not use the prescribed grammar of the plaintiff at all, as she undoubtedly, under the law ought to have done.

The opinion of the attorney-general is not a part of the record, and we only consider it so far as to remark that the conclusion at which he arrives, that those students in the

common schools who have advanced beyond the elementary courses, and would be competent to enter a graded school, may be permitted to use an advanced grammar, such as is prescribed for the graded and high schools, is perhaps reasonable; but, as the question is not involved in this case, we pursue our usual course, and decline to decide the question in advance.

What we do decide is that the teacher in this State is not a public officer, but is an employe, subordinate in position and authority to the county superintendent, and that the Circuit Court properly refused to sustain the petition for a *mandamus* to compel such teacher to use a particular textbook, the use of which was prescribed by statute. The true remedy, if there is any, is against the county superintendent of schools.

In the case of *State* v. *Buchanan*, 24 W. Va. 362, it was decided, in effect, that an assessor was bound to obey the instructions of his superior officer in regard to what kind of property was liable to assessment and taxation, and that the auditor had the right to use the name of the State to compel his subordinate to obey instructions by the writ of *mandamus.*

In the present case it appears inferentially at least that the county superintendent has refused to instruct the teacher to use the text-books in question, or perhaps has instructed otherwise. In such event, it would be the duty of the teacher to obey the county superintendent, no matter what her own private judgment might dictate as to the true construction of the law.

For these reasons, therefore, we are of opinion there was no error in the action of the Circuit Court in quashing the petition, and its order must be affirmed.

AFFIRMED.