# CHARLESTON.

## CONNALLEY v. WALLACE CO.

Submitted January 14, 1902.   Decided March 15, 1902.

1. AFFIDAVIT—*Account—Non-Resident Plea.*

   An affidavit of the amount due the plaintiff filed with the declaration under section 46, chapter 125, Code, made in another State which wants the certificate of a clerk or other officer of the court of that state verifying the genuineness of the officer's signature and his authority to administer oaths is not good so as to prevent a plea, though that plea is not accompanied by affidavit of the defendant as required by said section. (p. 181).

2. AFFIDAVIT—*Motion to Quash—Appearance—Waiver.*

   An overruled motion to quash an affidavit of an amount due the plaintiff filed with a declaration under section 46, chapter 125, Code, is not waived by a further appearance to the action. (p. 182).

Error to Circuit Court, Mingo County.

Action by W. A. Connalley against the Wallace Company. Judgment for defendant, and plaintiff brings error.

*Reversed.*

SHEPPARD & GOODYKOONTZ, for plaintiff in error.

PRICHARD & JONES, for defendant in error.

BRANNON, JUDGE:

In an action of *assumpsit* in the circuit court of Mingo County by Connalley against the Wallace Company the plaintiff filed an affidavit with his declaration as an affidavit prescribed by section 46, chapter 125, Code, as to the amount due him, and the defendants moved the court to quash said affidavit for defects in it, and the court overruled the motion. Afterwards defendants asked leave to enter the plea of *non-assumpsit,* but the court refused to allow them to do so for want of an affidavit by the defendants under said section. The court erred in refusing to quash the affidavit because that affidavit wants the certificate prescribed by chapter 130, section 31, Code, by the clerk or other officer of a court of record of the state wherein the affidavit was made, verifying the genuineness of the signature of

the officer before whom the affidavit was made, it having been made in the State of Ohio. *Bohn* v. *Ziegler,* 44 W. Va. 402. Therefore there was no affidavit in the case, as the one filed was a nullity. Therefore, it constituted no bar against the right of the defendants to file their defence of the general issue, and the court erred in its refusal to allow them to do so. *Vinson* v. *The Norfolk & Western Ry. Co.,* 37 W. Va. 598. But it is alleged that as the record shows, that afterwards the defendants appeared and the parties, both plaintiff and defendants, waived a jury and submitted all matters of law and fact to the court, the defendants thereby waived the errors above specified in overruling the motion to quash the affidavit and in refusing to allow the defendants their plea. Surely this was no waiver of the very material error in disallowing a defence by the defendants. *Quesenberry* v. *Peoples B. & L. Association,* 44 W. Va. 512. In truth, however, there was really no legal appearance by the defendants, for the simple reason that they had no plea in the case; but even if there had been a plea it would not waive the error of the court as to the affidavit.

There was a demurrer to the declaration, which was overruled. The declaration is not strictly according to the common law rules of pleading upon notes and checks; but amply sufficient to warn the defendants of the demand asserted and such as to enable the court to give judgment. Therefore we reverse the judgment, quash the said affidavit, set aside the finding of the court on the evidence, grant a new trial and send the case back to the circuit court. ·

Counsel for the defendants rely with confidence upon the case of *Snodderly* v. *Fairmont,* 23 W. Va. 472, holding that where the parties waive a jury and submit the case to the court this Court will not reverse the judgment on the merits, unless all the evidence on the trial appears in the record. I do not think this case at all applies to the errors above pointed out. It is true that it might prevent us from saying that the bad affidavit, which could constitute no evidence, was treated as evidence, as it might be that it was not and that the case rested on oral evidence. But this position is not clear. We might say that as this affidavit was maintained by the court it was likely read as the only evidence, or at least as a part of the evidence, and that thus improper evidence was admitted; but I do not rest the decision on that point, I simply say that the principle

of the case cited cannot apply to cure the error of sustaining that affidavit, and more plainly still to the error in refusing a plea.

*Reversed.*