# CHARLESTON

CITY OF HUNTINGTON v. HUNTINGTON WHARF & STORAGE
COMPANY.

Submitted September 22, 1914.    Decided October 29, 1914.

1.  MANDAMUS—*Grounds—Enforcement of Contract.*
     ·Mandamus does not lie to enforce purely contractual obligations. (p. 184).

2.  SAME—*Grounds—Enforcement of Private Contract.*
     A city, by ordinance, leases land owned by it to a private corporation for a wharfage business, and therein reserves the right within a period specified, to purchase all buildings and appliances constructed and used by the lessee in the business, the price thereof to be fixed by appraisers, two chosen by each of the contracting parties and the fifth by those thus selected. The city, within the time limited, elects to purchase, and, after due notice, appoints two appraisers to act on its behalf; but the lessee declines to make any selection of appraisers or to consummate the purchase.
     *Held:* Mandamus is not the proper remedy to compel compliance by the lessee with the porvision of the ordinance and contract relating to such purchase by the city.  (p. 184).

Mandamus by the City of Huntington against the Huntington Wharf & Storage Company.

·  *Peremptory Writ Refused.*

*Williams, Scott & Lovett,* and *F. M. Livezey,* for petitioner.

*Enslow, Fitzpatrick & Baker, Neal & Strickling, Holt, Duncan & Holt,* and *George J. McComas,* for respondent.

LYNCH, JUDGE:
     Owning land suitable for the purpose, and being authorized by charter to establish and conduct a wharfage business by

itself or its lessee, the city of Huntington in 1904 leased the land to the Huntington Wharf & Storage Company, and authorized it to conduct a wharf and storage business for a period of fifty years thereafter, under the terms and conditions of a municipal ordinance passed for that purpose. This controversy arose out of one of the provisions of the contract and ordinance. Both provide that at the expiration of the first ten year period the city could elect to terminate the lease and purchase any buildings and appliances constructed and used by the storage company in the operation of the wharf; the price payable to be determined by appraisers, of whom two were to be appointed by the city, two by the storage company and the fifth by the four thus selected, the finding of any three of whom should be conclusive as to the required price; provided, however, that the city should give one year's prior notice of its intention to terminate and purchase, and it could decline to pay the amount of the appraisement, in which event it assumed to pay all costs and expenses so incurred. The notice required was given, and the city selected two appraisers to act on its behalf; but the storage company declined and refused to make any selection, and made none. To compel compliance with the contract, the city applied to this court and obtained an alternative writ of mandamus, to which the company responded, denying the right of the city to the mandatory enforcement of the contract.

Three grounds are assigned why the peremptory writ should not issue: that the contract lacks mutuality; that mandamus will not lie to compel parties to proceed with an arbitration; and that mandamus will not lie to enforce purely contractual obligations. We deem it necessary, however, to consider only the last assignment, believing it fatal to petitioner's contention.

Except where public interests are involved, the doctrine that private contracts will not be specifically enforced by mandatory process is so well established that citation of authorities seems superfluous. Such is practically the universal rule. Courts uniformly refuse to enforce purely private contracts by mandamus. Where the public interests

are involved, the contract may be thus enforced. Section 28b I., ch. 47, Code, authorizes the writ to compel the public service corporations therein named to comply with the terms of a municipal ordinance granting the right to use its streets under certain conditions to railway, water and telephone companies performing public functions. *Moundsville* v. *Railroad Co.*, 37 W. Va. 92; *Mason* v. *Railroad Co.*, 51 W. Va. 182; High on Ex. Rem. §321; Merrill on Mandamus §16. The function of a writ of mandamus is to enforce the performance of duties growing out of the discharge of public functions, or imposed by statute, or in some respects involving a trust or official duty. *Richmond* v. *Brown,* 97 Va. 26; *Railway Co.* v. *Scott,* 109 Va. 34. But where the rights of the municipality rest solely upon the terms of a special contract involving no question of public trust or official duty, the writ will be refused. *Parrot* v. *Bridgeport,* 44 Conn. 180; High on Ex. Rem. §25.

Petitioner contends, however, that the contract here falls within the rule announced by the cases cited, in that it provides for the performance of duties in which the public have vital interests. With that contention we do not agree. The contract does not purport the requirement of duties which concern the public. The operation of a wharf does not fall within the general public obligations of a municipality. It is not a governmental function. On the contrary, it is an undertaking of a purely private character, a private business. Nor is its character changed to a public function by the leasing of the wharf to a corporation. It continues to be private, though authorized by the municipality under legislative grant. *Wigal* v. *Parkersburg,* 81 S. E. 544.

*Chicago* v. *Telephone Co.,* 230 Ill. 157, 12 Ann. Cas. 109, 13 L. R. A. (N. S.) 1084, clearly notes the distinction between cases wherein the public is concerned and cases where the duties are due primarily and solely to the municipality as a corporate entity. There the purpose sought was to compel the telephone company to file with the city a statement showing periodical receipts derived from the public service in which by ordinance the company was permitted to engage, it having agreed in consideration of the franchise to pay a

certain percentage of its gross earnings into the city treasury. The court stated: "It can not be said that an individual citizen has any interest in the filing of the statement at all; nor can he have any interest in the payment of the three per cent required by the ordinance to be paid into the city treasury, except the general interest that the sum so paid would be applied on the payment of municipal indebtedness and thus tend to decrease the burden of taxation. It can not be seriously contended that there exists in this a right so clear that it is enforceable by mandamus." Although the company accepted the ordinance, and agreed to perform its express requirements, the court further held "from that time forth it became a contract between the parties", and refused to enforce it by mandamus.

The mere fact that one of the parties to the contract involved was a municipal corporation, or that its charter authorized it to engage in the business or to empower its lessee to do so, does not change its character. It still remains a private contract. It is the business in which the municipality engages that determines whether it is essentially governmental or merely discretionary or permissive. As no legal duty required petitoner to engage in the business or to lease its property for that purpose, the general rule denying remedy by mandamus for the enforcement of contracts of a private nature must result in denial of the relief sought by the city. Besides, where petitioner has an adequate remedy in another forum for the enforcement of the contract, the writ will be denied. See *Bristol* v. *Water Works,* 34 Atl. 359; *Euclaire* v. *Water Co.,* 137 Wis. 517; *Herman* v. *Babcock,* 103 Ind. 461; *Farmington* v. *Water Co.,* 93 Me. 192; *Schweder* v. *Franklin,* 10 Nev. 355.

Writ refused.

*Peremptory Writ Refused.*