STATE EX REL. RUTH M. DANIELS *v.* HONORABLE D. H. ROGERS, JUDGE, *et al.*

(No. 7279)

Submitted February 9, 1932. Decided February 23, 1932.

*George M. Beltzhoover, Jr.,* for petitioner.

LITZ, JUDGE:

Petitioner, Ruth M. Daniels, seeks, by writ of prohibition, to prohibit respondents, the Honorable D. H. Rogers, judge of the circuit court of Jefferson county, and Mary McGill

Shirley, commissioner of accounts of the county court of said county, from further proceeding to compel her to file an inventory of property coming into her hands as admininstratrix of her husband, W. B. Daniels, deceased.

The petition shows that petitioner was appointed as such admininstratrix, April 28, 1931, by the clerk of the county court of Jefferson county; that she has refused to file with the said commissioner of accounts an inventory of the property, coming into her hands, as required by chapter 44, article 4, section 1, Code 1931, (which authorizes the circuit court, or judge thereof, in vacation to enforce compliance therewith by rule to show cause), because she is the sole distributee of, and there is not to her knowledge any indebtedness against, the estate; and that a rule has been issued against her, at the instance of said commissioner, by the Honorable D. H. Rogers, as judge of the circuit court of Jefferson county, to appear and show cause, if any she can, why she should not be required to obey the mandate of the statute.

Counsel for petitioner contends (1) that she is excused by reason of the alleged facts, from complying with the statute, and (2), without specifying any ground, that the act insofar as it confers upon the circuit court, or the judge, thereof, jurisdiction to enforce compliance therewith on the part of a fiduciary appointed by the county court, is unconstitutional. The facts alleged in the petition do not justify the petitioner in refusing to comply with the requirements of the statute. If she has in fact completed the duties of her office, then she should report such facts to the commissioner as may be necessary to obtain her discharge.

Discussion in conference of the constitutitonality of the statute concluded with the question as to whether the authority thereby conferred upon the circuit court, or the judge thereof, was judicial within the meaning of Article V of the constitution, separating the legislative, executive, and judicial departments of government. Compelling performance by officials of ministerial acts (ordinarily by mandamus) is a common function of the courts. "The function of a writ of mandamus is to enforce the performance of duties growing

out of the discharge of public functions, or imposed by statute, or in some respects involving a trust or official duty." *City of Huntington* v. *Huntington Wharf & Storage Co.,* 75 W. Va. 183, 83 S. E. 500. In *Blue, Tax Commissioner* v. *Tetrick, Clerk,* 69 W. Va. 742, 72 S. E. 1033, the clerk of a county court was compelled by mandamus, in keeping accounts of public money, to conform with the system and forms prescribed by the tax commissioner and board of public works under statutory authority. The judiciary may exercise such jurisdiction by statutory process (not in conflict with due process under the constitution) as well as by the common law writ of mandamus.

The writ is therefore denied.

*Write denied.*