564

[Civ. No. 4471. Fourth Dist. June 9, 1952.]

GORDON R. BRANCH, INC. (a Corporation), Appellant, v. ORANGE COUNTY DISTRICT COUNCIL OF CARPENTERS et al., Respondents.

Reynolds, Painter & Cherniss and Robert B. Powell for Appellant.

Todd & Todd for Respondents.

BARNARD, P. J.—This is an action to restrain the defendants from interfering with a building project being carried on in Orange County. The complaint alleged that the plaintiff had entered into a contract with one McVay to furnish labor and materials for the building of 221 houses; that the plaintiff was compelled to cancel that contract because McVay had obtained partial payments on a false representation that certain labor and material had been fully paid for; that certain carpenters and concrete workers employed by McVay were not paid by him; and that the plaintiff has been prevented from completing the work by the acts of the defendants in striking and maintaining picket lines, and threatening to continue to do so until the wages of the men employed by McVay

are paid. The prayer is for an injunction restraining the defendants from coercing the plaintiff into paying any wages thus due from McVay by striking, threat of striking or picketing the real property mentioned in the complaint.

A temporary restraining order was issued. Later, the court entered an order vacating that order; sustaining the defendants' demurrer to the complaint; and granting a motion to strike portions of the complaint. The plaintiff has appealed from that order. On its application the court entered an order restraining the defendants from maintaining such picket lines, pending the appeal. This order required the plaintiff to deposit $12,000 in court to cover any damage suffered by the defendants in the event the order appealed from is affirmed, and that amount was so deposited.

The defendants have moved to dismiss this appeal on the ground that the appeal is moot because the building project has been entirely completed since this appeal was taken; and that no material issue remains to be decided. The motion is supported by the affidavit of one Byrd, who is secretary of the Orange County Building and Construction Trades Council, one of the five union organizations named as defendants. This affidavit states that this building operation has been fully completed; that no member of any of the unions affiliated with the Building and Construction Trades Council is now at work on said project or on any building for which permits had been granted prior to October 11, 1951; that completion notices have been filed referring to a considerable portion of said work, and the houses in that project have been offered for sale; and that there is no longer any dispute between the Building and Construction Trades Council and its affiliated unions and the plaintiff over the right to picket said project.

In opposition to the motion the president of the plaintiff corporation has filed an affidavit alleging that this building project has not been fully completed; that while a portion of the houses have been sold the appellant is still obligated to make repairs and adjustments on them, necessitating the employment of carpenters, painters, electricians and plumbers; that with respect to the houses not sold it is necessary for the appellant to employ carpenters, painters and electricians to perform work which has not yet been completed; that it is necessary for the appellant to employ laborers for other work in and about the property; that the appellant is not in a position to know whether or not the carpenters, painters, electri-

cians and laborers who must be employed on the project are members of the defendant unions; and that the appellant would be subject to further picketing by the defendants if this appeal should be dismissed.

On the showing here made there is a conflict with respect to whether this project has been fully completed, and whether or not the issue presented by this appeal has become moot. If, as the respondents contend, they have no intention or desire to continue any strike or picketing, they will not be seriously injured by letting the appeal take its course, and they have ample security for any possible damage they may suffer. On the other hand, the appellant might be prejudiced by a dismissal, in view of the peculiar and perhaps invalid wording of the conditions in the order under which the $12,000 was deposited in court. Also, there is another appeal in this action now pending in this court, and this incidental matter should properly be decided in connection with the main appeal.

The motion to dismiss this appeal is denied.

Griffin, J., and Mussell, J., concurred.