[Civ. No. 20365.   Second Dist., Div. Three.   Oct. 25, 1954.]

SARAH D. BOLLOTIN, Appellant, v. WORKMAN SERV-ICE COMPANY et al., Respondents.

Sarah D. Bollotin, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Ariel C. Hilton, Deputy Attorney General, for Respondents.

SHINN, P. J.—Appellant brought this proceeding against Workman Service Company, Office Workers (Agency) of California, doing business as Office Workers Agency, Division of Labor Law Enforcement, Department of Industrial Relations, State of California, and certain of its officers and employees, naming also numerous individuals as respondents. She petitioned for a writ of mandate; her application for an alternative writ was denied and she appeals.

None of the persons or bodies named as respondents appeared in the trial court. The Division of Labor Law Enforcement, Department of Industrial Relations, State of California, has moved to dismiss the appeal as against it upon the ground that by means of proceedings had before it, subsequent to the institution of the instant proceeding, the real matter in controversy between appellant and the division was ended by a determination duly and regularly made by the division with respect to the matters of which appellant complains against the division and its officers. In support of the claim that the issues raised by the petition have become moot and that any judgment rendered against the division would be fruitless, an affidavit of a deputy attorney general was filed, and petitioner having presented an opposition, the motion was submitted. Subject to the court's ruling on the motion, the appeal was submitted on the merits.

Reduced to their essentials, insofar as they relate to the actions of the department, the facts are as follows: Workman Service Company and Office Workers Agency are private employment agencies; certain individuals named as defendants are employees of said agencies. In August and in November 1953, appellant applied to said agencies for employ-

ment and was referred to a certain lawyer; she was engaged by the lawyer and obtained his written verification that she had worked 26 hours; she demanded payment from Office Workers Agency on November 12th and 13th and was informed the agency paid only on the 5th and 19th of the month; on November 25th she received a check for $40.46 from Office Workers Agency; on November 30th she received a communication from the Labor Commissioner to the effect that his office had been unable to secure an adjustment of the claim; that he had no power to render judgment in disputed matters and advising appellant to go to the small claims court. The foregoing are allegations found in the petition. They are all the facts alleged which relate to the duty of the division to take official action in the matter of appellant's application to the division with respect to her claim for compensation for her services.

In the affidavit of the deputy attorney general, which is not controverted, it is stated that an employee of the Division of Labor Law Enforcement erroneously refused to file appellant's claim as an "Employment Agency Controversy" but prepared and had appellant file an application constituting a wage assignment; that thereafter the division discovered and conceded that the matter should have been handled as an Employment Agency Controversy and did not appear to resist appellant's application for an alternative writ of mandate. It was further averred that in July 1954, upon due notice to appellant, the matter was heard before an attorney and deputy labor commissioner pursuant to section 1647 of the Labor Code and a determination was made that appellant was not entitled to recover any sum from the Office Workers Agency. Notice of the ruling and notice of appellant's right to appeal to the superior court from the determination was duly given appellant by mail. Appellant did not appeal from the ruling.

The law regulating employment agencies is set forth in the Labor Code, division 2, part 6, articles 1 to 3. ██ It was the duty of the Labor Commissioner, under section 1647 of the code to hear and determine appellant's claim against the Office Workers Agency. His determination was subject to appeal to the superior court within 10 days. The refusal of the commissioner to so hear and determine the claim was in error and had he persisted in the error he could have been required to perform the duty imposed upon him by law. As to the division and the commissioner, a judgment of the court

could have required no other action to be taken and could have awarded appellant no further relief, except her costs.

■ The action herein sought to be required of the commissioner has been taken. The controversy has been the subject of a hearing after due notice, the matter has been determined and the determination has become final. Clearly the judgment denying the application for a writ of mandate may not be reversed and the court directed to issue its writ to compel the performance of acts that have already been performed.

■ When it appears that a controversy which is the subject of a judgment from which an appeal has been taken no longer exists, it is the duty of the court to dismiss the appeal.

The complaint names as respondents Paul Scharrenberg, John F. Dalton, Edward P. Park, Lloyd A. Barnes, Roxanne Oliver, Ruth M. Spiers, and Vera Worley, and alleges that they hold various offices as principals, assistants or deputies in the Department of Industrial Relations, the Department of Labor Law Enforcement or the Office of Labor Commissioner. These respondents in their official capacities have no further duties to perform with respect to appellant's claim and as to them the issues raised by the petition have become moot.

Workman Service Company and Office Workers Agency are private employment agencies. Samuel L. Workman and George Feichtmann operate and control them, and Dale D. Lucas, O'Detta Hawkins, Mrs. Jane Morgan and Norman P. Jarvis are agents of the employment agencies; Janet Mussell was secretary to the lawyer by whom appellant was employed. None of them occupies any public office or position or has any public duty to perform.

The complaint sets forth various alleged acts of mistreatment of plaintiff at the hands of the above named and breaches of duty of the employment agencies in their relations with appellant, all of which, it is alleged, caused appellant to become ill and to expend large sums for the services of doctors, surgeons, dentists and for miscellaneous incidentals, to her damage in the sum of $250,000, for which recovery was sought.

Appellant, who is not represented by counsel, is uninformed as to the scope of the remedy of mandate. ■ The purpose of the writ is to enforce the performance of acts which the law specially enjoins, as a duty resulting from an office,

trust or station, etc. (Code Civ. Proc., § 1085.) ▮ It is not available for the settlement of purely private controversies arising out of contract, express or implied, or negligent or other wrongful conduct. (16 Cal.Jur., p. 791.) ▮ The general allegations that the employment agencies are not conducting their business in the manner required by law were not sufficient to warrant the issuance of a writ of mandate. The allegations of misconduct on the part of the individuals named were likewise insufficient. The court did not err in refusing to issue an alternative writ.

The appeal herein was taken before the Division of Labor Law Enforcement, Department of Industrial Relations, had taken the action upon appellant's claim which was its duty and which it had theretofore refused to take. It was a meritorious appeal. In the interest of justice, appellant should have her costs of appeal.

The appeal is dismissed as to the Division of Labor Law Enforcement, Department of Industrial Relations, and as to all others named as respondents in the complaint the judgment is affirmed. Appellant is awarded costs of appeal against Division of Labor Law Enforcement, Department of Industrial Relations.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied November 19, 1954, and appellant's petition for a hearing by the Supreme Court was denied December 22, 1954.