[Civ. No. 6294.    Fourth Dist.    Oct. 25, 1960.]

LOUIS J. REES et al., Appellants, v. A. G. GARDNER et al.,
Respondents.

Lewis Garrett and Lionel Richman and Garrett, Richman & Nicoson for Appellants.

Hill, Farrer & Burrill for Respondents.

COUGHLIN, J.—The respondents have moved this court to dissolve a preliminary injunction issued by the trial court and to dismiss appeals concerning that injunction upon the ground that they are moot.

The respondents, who are the cross-complainants herein, obtained a preliminary injunction prohibiting the appellants, who are the cross-defendants herein, from picketing respondents' business, placing them on an "unfair list," causing them to interfere with the rights of their employees to join or refuse to join a labor organization or causing any of their "past, present or prospective" customers or suppliers to refuse to do business with them "in any manner whatsoever."

The prohibition against picketing was limited to respondents' business and the premises upon which it was being conducted. The remaining prohibitions were unlimited either as to place or kind of business. Pursuant to court order fixing the amount, respondents posted the required statutory undertaking in the sum of $1,000. (Code Civ. Proc., § 529.) Shortly thereafter appellants moved to dissolve this injunction and their motion was denied. Thereupon they appealed from both the order granting the injunction and the order refusing to dissolve the same. Since the perfection of these appeals respondents have sold the business which was the subject of appellants' picketing activities and, upon this ground, moved

this court to dissolve the injunction and dismiss the pending appeals as moot. In an affidavit supporting this application one of the respondents states that it will make no difference to him whether or not the preliminary injunction is dissolved.

[█] A preliminary injunction may be dissolved when there has been a change of the controlling factors upon which it rests or where the ends of justice would be served thereby. (*Union Interchange, Inc.* v. *Savage,* 52 Cal.2d 601, 606 [342 P.2d 249]; *Sontag Chain Stores Co.* v. *Superior Court,* 18 Cal. 2d 92, 95 [113 P.2d 689]; *Harbor Chevrolet Corp.* v. *Machinists Local Union 1484,* 173 Cal.App.2d 380, 384 [343 P.2d 640]; *Branker* v. *Superior Court,* 165 Cal.App.2d 816, 818 [332 P.2d 711].) Such a proceeding, however, is not within the jurisdiction of this court under the circumstances here presented. █ The statutory authority conferred upon an appellate court to ''affirm, reverse or modify any judgment or order appealed from'' (Code Civ. Proc., § 53) does not authorize it to dissolve an injunction, which is the subject of an order granting the same that is pending on appeal, upon the ground that the conditions upon which it rests have changed since the order granting it was made. This is a matter beyond the scope of appellate review. This conclusion is well demonstrated by an assumption respecting a determination of the issues if the appellants rather than the respondents were the moving parties. Under the assumed circumstances a denial of the motion for lack of authority in this court would be obvious. The fact that the respondents, whose previous efforts were directed to maintaining the injunction, now seek to terminate it, is not determinative of the authority of this court to proceed in the premises. For these reasons the motion to dissolve the injunction must be denied.

This conclusion leaves for decision the question whether the sale of respondents' business and their presently declared attitude that it makes no difference to them whether or not the injunction is dissolved renders moot the issues presented by the pending appeals. █ When a controversy which is the subject of a judgment or order from which an appeal has been taken no longer exists, the appeal should be dismissed. (*Consolidated etc. Corp.* v. *United A. etc. Workers,* 27 Cal.2d 859, 862 [167 P.2d 725]; *Bollotin* v. *Workman Service Co.,* 128 Cal.App.2d 339, 342 [275 P.2d 559].) █ Consequently, when an act sought to be enjoined actually has taken place an appeal from an order enjoining the

same will be dismissed as moot. (*Lenahan* v. *City of Los Angeles,* 14 Cal.2d 128, 132 [92 P.2d 1014].) ■ In the case at bar, as the business which is the subject of the injunction against picketing no longer exists because it has been sold by respondents, the act of picketing that business no longer can take place and there is nothing upon which the injunction can operate. (*Demeter* v. *Annenson,* 80 Cal.App.2d 48, 58 [180 P.2d 998].) As a consequence, the controversy with respect to this matter has come to an end. On the other hand, the provisions of the injunction restraining appellants from placing respondents on an "unfair list," from causing them to interfere with the right of their employees to join or not to join a labor organization, or from causing their customers or suppliers, "past, present or prospective" to refuse to do business with them, are not limited to any specific place or business. The subject of these parts of the injunction continues to exist; includes any business in which respondents may be engaged; and is not limited to the business which was sold. The controversy with respect to these prohibitions remains. The effect of the injunction upon the conduct of appellants toward respondents with respect to any business other than that sold dictates the conclusion that the issues presented by the pending appeals are not moot. (*Gordon R. Branch, Inc.* v. *Orange Co. etc. Carpenters,* 111 Cal.App.2d 564 [245 P.2d 47].)

The fact that one of the respondents indicates that his present attitude is one of no concern as to whether or not the injunction is or is not dissolved, does not remove the controversy from the issues presented by appellants herein.

■ Moreover, a further controversy remains with respect to the order granting the injunction. Pursuant to law and as a prerequisite to the issuance of the injunction, respondents posted an undertaking, the condition of which was that appellants should be paid such damages as they "may sustain by reason of said preliminary injunction, if the Court finally decides that the applicant was not entitled thereto." If it should be determined on this appeal that respondents were not entitled to the injunction, then appellants may be entitled to recover upon this undertaking. For this reason the issue presented is not abstract even though respondents have sold their business and no longer are interested in maintaining the injunction in force.

If the respondents do not wish to proceed with their injunc-

tion suit they may present their request to the trial court in appropriate proceedings at an appropriate time.

The motions for dismissal and to dissolve the temporary injunction in question are denied.

Griffin, P. J., and Shepard, J., concurred.