301 S.E.2d 810

**Ronald E. HOFFMAN**

**v.**

**Mark S. GROVE, Principal, etc., Jeffrey Passe, Supervisor, etc., Shepherd College, et al.**

No. 15745.

Supreme Court of Appeals of West Virginia.

March 30, 1983.

Jacqueline A. Kinnaman, West Virginia Education Association, Charleston, for petitioner.

April L. Dowler & Richard L. Douglas, Rice, Hannis & Douglas, Martinsburg, Ann

---

V. Gordon, Asst. Atty. Gen., Charleston, for respondents.

## PER CURIAM:

The petitioner, Ronald Hoffman, who is a senior in the education program at Shepherd College in Shepherdstown, West Virginia, brings this original mandamus action requesting that this Court compel his reinstatement in his position in Shepherd College's student teaching program. The six respondents include the petitioner's immediate student teaching supervisor, the College's Division of Education Chairman, the College's Academic Dean, the Berkeley County Superintendent of Schools, the principal at the school where petitioner was a student teacher, and the fourth-grade teacher under whom the petitioner was performing his student teaching. The petitioner argues that he was not given prior notice or an opportunity to be heard before his dismissal from the student teaching program and the dismissal therefore violated his constitutional due process rights.

The respondents first raise the procedural point that since there existed a grievance procedure for contesting academic evaluations,[1] of which the petitioner was aware and failed to utilize, he should be denied relief because he failed to exhaust his administrative remedies. The respondents further assert that the petitioner lacked both sufficient liberty and property interests in his continued placement as a student teacher and that formal procedural due process was not required because the dismissal was academic in nature and based on the petitioner's lack of teaching competence and performance.

■ We decline to address the procedural due process question in this case because the petitioner had available to him an established grievance procedure that would provide him with an opportunity to obtain information as to the reason for the dismissal and to present his reasons for contesting it.[2] Furthermore, it appears that prior to his dismissal from his student teaching position, the petitioner's performance was observed and discussed with him by his student teaching supervisor. The second evaluation, on October 13, 1982, resulted in a conference with the petitioner in which a list of criteria for improvement was developed. The third evaluation took place on October 21, 1982, and in the ensuing conference the petitioner was told that he had not improved his performance and that he still had problems—specifically the improper grading of papers and the misspelling of words on the blackboard. At this conference the petitioner was advised that he would be dismissed from the student teaching program. Subsequently, a letter of

---

1. In his brief, the petitioner does not deny the existence of the grievance procedure but contends "that those procedures would not guarantee a resolution to his case in time for him to complete his degree requirements."

2. An outline of the grievance mechanism, which appears in the Shepherd College Guidelines and Policies Affecting Student Life, Supplement to the SCOOP, 1982–84, is:

"*Process*

"The following steps constitute the established procedures for appealing the grade.

"A. *Step 1—Faculty-Student Conference.* A student wishing to appeal a grade shall first confer with the professor who has assigned it.

* * * * * *

"3. The student shall explain his reasons for questioning the grade, and the professor shall explain his reasons for assigning the grade.

* * * * * *

"B. *Step 2—Appeal to the Division Chairman.* If, after conferring with the professor and receiving an unfavorable decision, the student still wants to appeal the grade, he may file an appeal with the Chairman of the professor's Division.

* * * * * *

"C. *Step 3—Appeal to an Appeal Committee.* If either the student or the professor wishes to appeal the Division Chairman's decision, he may do so by requesting the Academic Dean to establish an Appeal Committee."

Each step has attendant time periods so that prompt action is ensured. The Appeal Committee is composed of three persons—one is selected from a list submitted by the student, and another from a list submitted by the involved professor. The Academic Dean selects the members from each list and he or his designee constitutes the third member. Consequently, we find no factual basis for the petitioner's claim that the grievance procedure is cumbersome and biased against his interests.

dismissal was sent dated October 29, 1982.[3]

It must be remembered that the petitioner's dismissal from his student teaching position did not result in his dismissal from the college. He was still eligible to complete the requirements for other academic degrees and could have pursued the degree in education by student teaching at a different school the following semester.

█ In view of the foregoing, we believe that from a factual standpoint, the petitioner's claim that he was denied due process has no foundation. We again emphasize that we do not address the legal question of whether under all the facts of this case but in the absence of any available grievance procedure, the petitioner would be entitled to some due process procedure. It is sufficient to state that here such procedures were available to him and thus the requested mandamus relief is not available. Our traditional test for the availability of a writ of mandamus, as stated in Syllabus Point 2 of *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969), is:

> "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy."

*See also Perry v. Barker*, 169 W.Va. 531, 289 S.E.2d 423 (1982); *McGrady v. Callaghan*, 161 W.Va. 180, 244 S.E.2d 793 (1978).

For the foregoing reasons, the writ of mandamus is denied.

Writ Denied.

---

**3.** The letter stated:

"Due to your failure to meet the criteria set forth in my letter of October 15, you are therefore dismissed from your student-teaching assignment. The specific criterion that you failed to meet was item 2: All papers must be graded correctly.

"That weakness, combined with your inability to maintain classroom control, evidence of misspelled words on the chalkboard, and requests for removal by both your cooperating teacher and principal, forces me to dismiss you from your current assignment.

"You retain the option, if you wish to exercise it, of attempting your student-teaching experience in another school, in another county, beginning Spring Semester, 1983."