450 S.E.2d 406

Roger HICKMAN, d/b/a Hickman's
Rexall Pharmacy, Petitioner–
Below, Appellee,

v.

William H. EPSTEIN, William D. Elliott,
II and John D. Muldoon, Respondents–
Below, Appellants.

No. 22168.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 21, 1994.

Decided Oct. 28, 1994.

David Burton, Burton & Kilgore, Princeton, for appellee.

D.C. Offutt, Jr., Michael M. Fisher, Offutt, Eifert, Fisher & Duffield, Huntington, WV, for appellants.

NEELY, Justice:

Appellants, William H. Epstein, William D. Elliott, II, and John D. Muldoon appeal a 13

September 1993 order of the Circuit Court of Mercer County finding in favor of the Appellee, Roger Hickman d/b/a Hickman's Rexall Pharmacy. The order granted a writ of mandamus against the appellants and ordered them to: (1) give immediate notice to the tenants of their building to move from the premises, and (2) remove the building from the property. The appellants ask this Court to dismiss this case as being improperly brought as a mandamus action or, in the alternative, to reverse and remand the case for further proceedings. After reviewing the briefs in this case and hearing oral arguments we hold that a writ of mandamus was not proper here. Furthermore, we find that most of the outstanding issues in this case are now moot, except for the issue of damages.

The subject of this controversy is a sublease of property located in Princeton, Mercer County, West Virginia. The property was subleased by Dr. Epstein to Mr. Hickman on 1 May 1987. The gravamen of the disagreement between Mr. Hickman and Dr. Epstein is that Dr. Epstein constructed a building that encroached on the property subleased to Mr. Hickman. After Mr. Hickman notified Dr. Epstein of the encroachment and asked him to remove his building, Dr. Epstein refused claiming that the building did not encroach. Based on these conversations, Mr. Hickman filed a petition for a writ of mandamus against Dr. Epstein to force him to remove the building.

The parcel in question is owned by the City of Princeton. In 1986, the City entered into a thirty-year lease of the property to Dr. Epstein. Nothing in the record indicates that Dr. Epstein is an official of the City. The lease to Dr. Epstein contains a restrictive clause stating that the premises can be used only for medical office space and that Dr. Epstein can only assign or sublease the property to persons or corporations connected with medical science. Soon after he acquired the lease, Dr. Epstein began to erect a medical office facility at the location. While construction was under way, Mr. Hickman approached Dr. Epstein and the two worked out an agreement reserving a portion of the property of roughly 2,000 square feet for construction of a pharmacy. Mr. Hickman, at that time, owned and operated a nearby pharmacy and was either looking to expand or preempt possible competition.

At the time of the agreement, Mr. Hickman paid Dr. Epstein $25,000.00 for the sublease. Mr. Hickman also agreed to pay one-third of the rent due to the City of Princeton on the entire parcel leased from the City by Dr. Epstein. The sublease agreement between Mr. Hickman and Dr. Epstein did not specifically describe the reserved 2,000 foot portion of the property. Three years after the sublease agreement was entered into, Mr. Hickman had not started construction of a pharmacy on the property. During the same period, however, Dr. Epstein's need for space increased. Therefore, Dr. Epstein began construction of a "wing" to the existing building. During construction of the new wing, there were many discussions between the parties concerning Mr. Hickman's complaint that the new facility encroached upon property subleased to him. Despite Mr. Hickman's objection, however, Dr. Epstein went ahead with construction. After completion of the wing, Mr. Hickman brought a mandamus action to have the building removed from his subleased property.

The Circuit Court found that the addition in question was indeed located partially on Mr. Hickman's sublease and, therefore, issued a writ of mandamus ordering Dr. Epstein to move the building. This Court granted Dr. Epstein's appeal of the Circuit Court's order exclusively to determine whether mandamus is appropriate under these facts. We conclude that it is not.

█ This case is the result of clever lawyering; Mr. Hickman's lawyers were able to convince the lower court that mandamus was appropriate in this case, thus allowing for an expedited procedure. Although the facts of this case merit injunctive relief against Dr. Epstein to move his building, a writ of mandamus is an improper means to obtain this relief. As a result of facts presented to this Court after the appeal was granted, the issue of mandamus is now moot.[1]

---

1. On 2 March 1994, the same day Dr. Epstein's

Petition for Appeal was granted, the parties en-

## I.

■ The general rule in West Virginia is that a writ of mandamus will not issue unless three elements coexist—(1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy at law. *Rogers v. Hechler*, 176 W.Va. 713, 348 S.E.2d 299, 302 (1986); *Hoffman v. Grove*, 171 W.Va. 720, 301 S.E.2d 810, 812 (1983); *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367, 369 (1969).

The parties dispute whether all the elements needed for a mandamus action exist in this case. However, before a court examines these elements it must first make sure the writ is being sought against a public officer, a person acting or refusing to act in the performance of a public or quasi-public duty, or pursuant to a statute authorizing the writ. In this case, Mr. Hickman is not able to show any of these factors; therefore, it is not necessary to examine the three elements needed for the writ.

■ The function of a writ of mandamus is to enforce the performance of official duties arising from the discharge of some public function, or imposed by statute. *City of Huntington v. Huntington Wharf & Storage Co.*, 75 W.Va. 183, 83 S.E. 500, 501 (1914). Except where public interests are involved, a writ of mandamus is not an available remedy between two private persons to enforce a purely private right, duty, or contract. *See* 52 Am.Jur.2d *Mandamus* § 104 (1970); Annotation, *Mandamus Against Unincorporated Associations or its Officers*, 137 A.L.R. 311 (1942). The law in West Virginia has been settled for over one hundred years that a writ of mandamus does not lie against a private person who is not a public or quasi-

public officer. *Heath v. Johnson*, 36 W.Va. 782, 15 S.E. 980 (1892).

In *Heath*, the publisher of a textbook sought through a writ of mandamus to compel a school teacher to use only its textbook as authorized by state law. After the Circuit Court of Kanawha County denied the writ, the publisher appealed. This Court upheld the lower court's ruling stating that although the writ may have been appropriate against the superintendent of schools who was an officer of the state, it was not appropriate against a teacher. Syllabus point two of the case states that "[t]he occupation of a teacher of a free school in this state is not a public office, but an employment; and such teacher cannot be compelled by mandamus ... to use such publisher's books...." *Id.* 15 S.E. at 981. Thus, the primary reason mandamus did not lie in *Heath* was that the person against whom the writ was sought was a private person and not a public officer. *Heath* is not the only precedent in this jurisdiction for the rule that mandamus does not lie "in the case of a controversy between two natural individuals." *Bailey v. Coleman*, 123 W.Va. 510, 16 S.E.2d 918 (1941).

In *Bailey*, the president of an unincorporated voluntary association, the "Burial Fund", refused to pay money owed upon the death of a member of the association. The Circuit Court of Logan County issued a writ of mandamus to compel the president to pay the money. On appeal, this Court reversed the lower court and held that "[i]t is the rule that mandamus does not lie against an officer of a mere voluntary association." *Id.* 16 S.E.2d at 919. After reviewing cases in other jurisdiction to the contrary, this Court found them neither numerous nor persuasive. *Bailey* is widely cited for the proposition that mandamus does not lie against a private person except to enforce performance of a public or quasi-public duty owed by him or when the case is within a statute authorizing

tered an agreement whereby Dr. Epstein donated the building in question to the Princeton Community Hospital. In return for the gift, the hospital agreed to move the building to another location away from Mr. Hickman's subleased property, thus leaving the area clear for Mr. Hickman to construct his pharmacy. Although removal of the building seems to have been what Mr. Hickman wanted all along, he petitioned the

Circuit Court for an injunction to halt the removal. On 23 March 1994, the Circuit Court denied the petition, and sometime in April, 1994, the building was moved from the portion of the property subleased to Mr. Hickman. Because the mandamus order the parties are squabbling over simply ordered Dr. Epstein to move the building off Mr. Hickman's subleased property, this issue is now moot.

the remedy. *See, e.g.,* 55 C.J.S. *Mandamus* § 239 (1948 & Supp.1994).

Although neither party in this case cites authority from other jurisdictions, support for the general rule that in the absence of a statutory provision to the contrary, mandamus does not lie against a private person, can be found nationwide. *See, e.g., State v. Indus. Com.,* 11 Ohio St.2d 141, 228 N.E.2d 631, 648 (Ohio 1967); *Bollotin v. Workman Serv. Co.,* 128 Cal.App.2d 339, 275 P.2d 599, 601 (Cal.1954); *Crawford v. Tucker,* 258 Ala. 658, 64 So.2d 411, 415 (1952); *Carroll v. American Agr. Chem. Co.,* 167 S.E. 597 (Ga. 1932). Furthermore, the general rule that mandamus is not an appropriate remedy for the enforcement of private contract rights when there is no question of trust or official duty, has been accepted in virtually every state of the union including West Virginia. *See* 52 Am.Jur.2d *Mandamus* § 69 n. 5 (1970); *City of Huntington v. Huntington Wharf & Storage Co.,* 75 W.Va. 183, 83 S.E. 500 (1914).

▇ The facts of this case clearly show that both Mr. Hickman and Dr. Epstein are private persons and that Mr. Hickman is attempting to enforce a private contract. Moreover, Mr. Hickman has not shown that Dr. Epstein has a duty by statute, or a public or quasi-public duty to move the building; therefore, the order of the Circuit Court of Mercer County ordering the writ of mandamus is reversed.

Because the building has already been moved, the only issue left to be resolved is the question of damages, if any, to Mr. Hickman. If Mr. Hickman wishes to pursue damages he must bring a *proper* action in Circuit Court.

For the reasons set forth above, the judgment of the Circuit Court of Mercer County is reversed and the case remanded with directions to dismiss the action.

Reversed and remanded.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.