MALLORY, Public Administrator, Appellant, vs. WHEELER,
Respondent.

*October 12—October 29, 1912.*

*Soldiers' Home: Governor not a federal officer: Jurisdiction: Citation
by county court: Public administrator: Property of deceased in-
mate of Home: Appeal from county court: "Person aggrieved."*

1. The governor of the National Home for Disabled Volunteer
   Soldiers in Milwaukee county does not derive his appointment
   from the President, from any court of justice, or from any head
   of a federal department authorized by law to appoint to office,
   but is appointed by the board of managers as the local manager
   or governor of said Home, and is therefore not an officer of the
   United States.

2. The title to the premises occupied by said National Home is not in the United States, but is vested in a corporation created by act of Congress, and the state retains its jurisdiction over the territory embraced therein.

3. A citation to the governor of said National Home, issued out of the county court of Milwaukee county, under the provisions of ch. 120, P. & L. Laws of 1870, as amended by ch. 471, P. & L. Laws of 1871, upon complaint of the public administrator, directing said governor to appear and submit to examination concerning the effects of a deceased inmate of the Home, is not in violation of or inconsistent with any act of Congress governing the Home.

4. Although the rules of the institution contain certain provisions relative to the disposition of the effects of inmates dying therein, there is nothing in such citation to indicate that any federal statute or rule will be violated.

5. An order of the county court requiring the governor of the National Home to submit to examination, at the instance of the public administrator, concerning the estate of a deceased inmate, is appealable; and the governor, being subject to certain penalties for failure to comply therewith, is a "person aggrieved" by such order and may appeal therefrom.

APPEAL from an order of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

The appellant, *Rollin B. Mallory,* is public administrator for Milwaukee county; the respondent, *Cornelius Wheeler,* is governor of the Northwestern Branch of the National Home for Disabled Volunteer Soldiers (hereinafter referred to as the National Home), located in the county of Milwaukee. The appellant filed his petition in the county court of Milwaukee county for letters of administration on the estate of John Doe (*alias*), deceased, in which petition all facts necessary to entitle him to letters of administration are alleged. The appellant also filed in said court his complaint on oath in which it is alleged substantially that appellant was public administrator; that the National Home is a corporation owning and controlling land and buildings thereon in the county of Milwaukee; that the respondent was governor of said National Home; that said John Doe (*alias*) died in said

Home intestate, possessed of personal property within said county, and left debts due and unpaid; that he left him surviving neither widow, issue, nor next of kin residing in said county of Milwaukee and no minor heirs; that as governor the respondent has in his possession or under his control goods, chattels, and effects belonging to said deceased, the possession of which belongs to appellant as public administrator; that appellant has duly demanded of respondent that he account for and deliver to appellant all the property in his possession belonging to deceased, but that the respondent has failed and refuses to account for or deliver any of said property to appellant; that the petitioner deems it necessary that the respondent be examined under oath in court concerning said matters, and appellant prays that the respondent be cited to appear before said court and be examined on oath upon the matters of said complaint.

An order for citation was issued out of said court requiring the respondent to appear and submit to an examination on oath touching the matters of the complaint. Upon said order a citation issued directing the respondent to appear and submit to an examination on oath. The respondent appeared specially and moved to vacate and discharge the citation on the grounds (1) that it affirmatively appears from the complaint that no cause for citation to the respondent is alleged in the complaint; (2) that it affirmatively appears from the complaint that if any goods, chattels, and effects belonging to said deceased are in the possession or under the control of the respondent, the same are held by him as an officer, to wit, governor of said National Home; and (3) that as such officer respondent is a United States officer, and his possession as such is the possession of the United States, and that the court has no jurisdiction in the premises of the subject matter of such proceedings nor the person of the respondent as such officer.

The county court overruled the contentions of the respond-

ent and made an order requiring respondent to appear and answer. From this order respondent appealed to the circuit court for Milwaukee county, and the circuit court ruled in favor of respondent, and made an order reversing the order of the county court and sustaining the objections of the respondent to the citation and vacating and setting aside said citation, from which order this appeal was taken.

For the appellant there was a brief signed by *Rollin B. Mallory,* in person, and *Churchill, Bennett & Churchill,* attorneys, and oral argument by *Mr. Mallory* and *Mr. W. H. Churchill.*

For the respondent there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *J. G. Flanders.*

KERWIN, J.   Counsel for appellant relies upon ch. 120 of the Private and Local Laws of Wisconsin for 1870 as amended by ch. 471 of the Private and Local Laws of 1871 respecting the rights and duties of the public administrator for the city and county of Milwaukee, which authorizes investigation by such public administrator for the discovery of goods and chattels in certain cases.   The appellant contends that *Governor Wheeler,* the respondent, was bound to appear and answer in accordance with the citation, and that the court below was in error in holding to the contrary.

The case presents some interesting questions and is not free from difficulty.   The state law referred to not only authorizes examination and inquiry, but also authorizes the public administrator, in some cases referred to, to take charge of goods, chattels, credits, and estates of persons dying intestate. Ch. 120, P. & L. Laws of 1870 as amended, secs. 4, 7, 8, 9, 10, and 11.

Ch. 16, Supplement to P. & L. Laws of 1865, provides for the incorporation of the "Wisconsin Soldiers' Home," to be permanently located at Milwaukee.   By acts of the state legislature of the state of Wisconsin and Congress of the United

States, all the property of the Wisconsin Soldiers' Home was transferred, turned over, and conveyed to the "National Asylum for Disabled Volunteer Soldiers," incorporated by act of Congress.    But the acts recognize in the state and reserve to it the right to service of civil and criminal process within the territory ceded.    Ch. 16, Supplement to P. & L. Laws of 1865; ch. 68, P. & L. Laws of 1867; Act of Congress of March 21, 1866, secs. 4825 to 4837 inclusive of the Revised Statutes of the United States; ch. 275, P. & L. Laws of 1867; Act of Congress of March 3, 1901, ch. 853, 31 U. S. Stats. at Large, 1175; *In re O'Connor*, 37 Wis. 379.

Ch. .51, U. S. Stats. at Large (vol. 17, p. 417), approved January 23, 1873, provides for the change of the corporate name from "The National Asylum for Disabled Volunteer Soldiers" to "The National Home for Disabled Volunteer Soldiers."

On the part of the respondent it is insisted that *Governor Wheeler*, as governor of the National Home, was an officer of the United States and could not be called to answer under state laws for his acts and doings.    Furthermore, that the management of the property and effects of deceased soldiers is exclusively under the control of Congress through a board of managers, under the federal statutes and rules and regulations made in pursuance thereof; that the inmates in said National Home are subject to the rules and articles of war the same as if they were in the army; that the governor of the Home, under direction of the board of managers, is engaged in the internal administration of a federal institution, hence the state legislature has no constitutional power to interfere with such management as is provided by Congress.    Respondent's counsel contends that state courts have no authority to interfere with federal officers or agents in the performance of their duties, and cites *In re Neagle*, 135 U. S. 1, 10 Sup. Ct. 658; *In re Loney*, 134 U. S. 372, 10 Sup. Ct. 584; *In re Waite*, 81 Fed. 359; *In re Fair*, 100 Fed. 149.

The general proposition to which the foregoing cases are cited may be admitted, but neither the proposition nor the cases cited rule the instant case. An examination of these cases will show that they involve a situation where there was interference with an officer of the United States or an agent acting under federal authority. *Governor Wheeler* was not an officer of the United States. As a general rule an officer of the United States is one who holds his place by virtue of appointment by the President, by one of the courts of justice, or by the heads of departments authorized by law to make such appointment. 3 Cyc. 818; *U. S. v. Mouat,* 124 U. S. 303, 8 Sup. Ct. 505; *U. S. v. Germaine,* 99 U. S. 508; *Babbitt v. U. S.* 16 Ct. Cl. 202; *Wood v. U. S.* 15 Ct. Cl. 151.

*Governor Wheeler* does not derive his appointment from the President, from any court of justice, or any head of the federal departments authorized by law to make such appointment. He is appointed by the board of managers as the local manager or governor of the corporation in question. He reports to the board of managers, and the board of managers annually reports to Congress.

This court held in *In re O'Connor,* 37 Wis. 379, that the title to the premises occupied by the "National Home for Disabled Volunteer Soldiers" in Milwaukee county is not in the United States, but in a corporation created by Congress; that the corporation is in its nature a charitable institution and its rights and property are not in any just and legal sense the rights and property of the United States, and that it was not competent for the legislature of Wisconsin to abdicate its jurisdiction over this territory except where the lands are purchased by the United States for the specific purposes contemplated by the constitution.

Counsel for respondent relies strongly upon *Ohio v. Thomas,* 173 U. S. 276, 19 Sup. Ct. 453. Complaint was made in that case by the dairy commissioner against Governor Thomas of the Ohio branch of the National Home for the al-

leged violation of the act of the state legislature of Ohio in relation to the use of oleomargarine. The governor was convicted and sentenced to pay a fine and to imprisonment until the fine was paid. On writ of *habeas corpus* sued out in the circuit court of the United States he was discharged. It will be seen in this case that the prosecution under the state law directly interfered and conflicted with the duty of the governor under federal authority, and it was held that the state legislature had no constitutional power to interfere with the management as provided by Congress.

In *In re Kelly,* 71 Fed. 545, also relied upon by respondent and involving the Milwaukee institution, it was held that the management and officers are agencies of the United States and as such are exempt from any interference by the authorities or courts of the state in their control, discipline, or government of the Homes or property.

In *Boske v. Comingore,* 177 U. S. 459, 20 Sup. Ct. 701, a United States collector of internal revenue was adjudged by a state court of Kentucky in contempt because he refused to file in the state court certain copies of reports which were in his custody as officer of the treasury department, basing his refusal upon a regulation of the treasury department which restricted the use for any purpose other than that specified. It was held that the collector had no authority to do otherwise than to refuse to comply with the order of the state court.

We think it quite clear that these cases do not reach the situation now before us. There was nothing in the order or citation in the instant case in violation of or inconsistent with the acts of Congress or rules and regulations governing the Home. If the citation or order of the county court required *Governor Wheeler* to do any act inconsistent with the federal statutes or rules and regulations in question, a different question would be presented. The order of the county judge provides that *Governor Wheeler* be cited to appear and be examined on oath and to answer such interrogatories as may be put

to him touching the matter of the complaint, and further directs that the citation issue. The citation issued in pursuance of the order and requires *Governor Wheeler* to appear and submit to examination on oath touching the matters of the complaint, and further recites that he is suspected of having in his possession or under his control certain personal property belonging to John Doe (*alias*), deceased, late an inmate of the Home, or show cause to the contrary.

Counsel for respondent lays great stress upon the acts of Congress and rules and regulations made in pursuance thereof relating to the management of the National Home, and argues that the proceeding here instituted is in conflict with such rules and regulations, and cites many sections of the rules in support of this contention. These rules, it is true, provide particularly with reference to the management of the National Home, the settlement of accounts of members, the conservation of property, and generally the management in considerable detail. For example, rule 409 provides for taking immediate possession of the moneys and effects of deceased members; rule 410 provides for appraisal; rule 411 provides that money shall be turned over to the treasurer and all property to the quartermaster; rule 413 provides that in January and July of each year, the day to be fixed by the quartermaster in consultation with the governor, the quartermaster shall sell at public sale the effects of deceased persons, except letters or private papers, bank books, or negotiable securities, which shall be held subject to application by heirs or legal representatives; rule 415 provides that amounts received from sales of the effects of deceased members shall be turned over to the treasurer, etc.; rule 416 provides that all applications for effects of deceased members shall be referred to the manager of the branch to which the deceased member belonged, etc.; rule 417 provides form of application for effects of deceased members; rule 418 provides with reference to application for effects of deceased members, and rule 419 for keep-

ing account of posthumous funds; rule 420 provides for individual accounts in name of deceased members; rule 421 has reference to payment of approved claims.

The foregoing and some other rules referred to are set out in respondent's brief and claimed by respondent to be inconsistent with the present proceeding. The court is not able to agree with counsel in this contention. It is quite clear that, in so far as the order and citation go, there is nothing to indicate that any proceeding will be taken to interfere with the federal statutes and rules and regulations made in pursuance thereof.

It is claimed by appellant that the order from which the appeal to the circuit court was taken was not appealable. Sec. 4031, Stats. (1898), as amended by ch. 593, Laws of 1907, gives any person aggrieved by an order of the county court the right to appeal. The statute under which the present proceeding was taken provides, in effect, that if any person shall neglect or refuse to obey the process provided for he shall be attached and committed to prison. The governor was therefore obliged to comply with the order or suffer the penalties imposed for failure to do so. He was an aggrieved party, and the order appealable. *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900; *Powers v. Powers,* 145 Wis. 671, 130 N. W. 888; *American F. P. Co. v. Winter,* 147 Wis. 464, 133 N. W. 595.

*By the Court.*—The order of the court below is reversed, and the cause remanded with instructions to the court below to affirm the order of the county court.