T. F. REYNOLDS *et al. v.* STATE ROAD COMMISSION *et al.*

(No. 7144)

Submitted January 13, 1932.    Decided January 19, 1932.

*Strother, McDonald & Rosenshine, Steptoe & Johnson,* and *James M. Guiher,* for relators.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondents.

HATCHER, PRESIDENT:

This is an action in mandamus.   The petitioners allege that they own valuable real estate along and abutting on that portion of the Northwestern Turnpike beteen Wolfe Summit and the City of Clarksburg in Harrison County, known as Limestone Valley Road; that this road was rebuilt and hard surfaced by the county court of Harrison County between the years 1910 and 1920; that in 1922 the state road commission designated and took ove this road as a state highway, since when the road has been under the exclusive authority and jurisdiction of the commission; that traffic on the road has constantly increased since 1922, until in the last few years, the greater part of the road has become worn and out of repair and certain parts are unsafe and dangerous for travel; that money for repair has been available, but for

sometime no repairs have been made, and the disrepair is without justification; that the commission has surveyed and let for construction a new route between Clarksburg and Wolfe Summit, termed the Simpson Fork Route which lies somewhat to the south of the Limestone Valley Road; that the new route does not serve the people residing along the Limestone Valley Road; that it is the intention of the commission to make the new route a state highway and to abandon the Limestone Valley Road as such; that the failure of the commission to keep the Limestone Valley Road in proper repair is due to this intention; and that such failure has deprived the petitioners of their right to have available a safe and suitable road, and has caused their property along the road to become greatly depreciated. The petitioners pray that the commission be commanded forthwith to reconstruct, repair and maintain this road "as required by the statutes of West Virginia."

The answer of the commission says that one of the purposes in constructing the Simpson Fork Route is to relieve the Limestone Valley Road of a material amount of traffic, but that the commission has not failed to keep the latter in proper repair, having expended $50,126.38 for repairs theron within the last five years, of which sum $2,529.09 was expended in the year 1931, and that the commission is at present improving and maintaining the road; that there are no physical defects in the road such as holes, to endanger traffic, and while the road is not up to the present standard of state road construction, and will not permit the traffic now passing over it to move with celerity, it is safe for those who comply with the law and use reasonable precautions; that the commission intends to continue the Limestone Valley Road as a part of the state road system after the completion of the Simpson Fork Route; and that the commission will maintain the Limestone Valley Road in such manner as will render it reasonably safe for the travelling public. The answer denies that the petitioners are deprived of their right to have available an adequate state road and alleges that the commission is without information as to the depreciation of their property.

The case developed by the evidence follows: The Limestone Valley Road was not constructed originally with a view to bearing the amount of traffic which has been passing over it in recent years, and the strain of this overload has been continuously manifested by breaks in the road surface. The commission has been repairing the road continuously and at great expense, but the condition of the road is growing gradually worse. Whether the repairs made are permanent is theoretical. One road expert is of opinion that the breaches in the surface indicate that the road base is crumbling, and if so, the repairs are temporary. Other road experts take the opposite view, and are of opinion that the repairs are permanent. Diligence in repairing was seemingly relaxed for a while before this proceeding was instituted; but since then repairs have been made to such an extent that the road expert testifying in behalf of petitioners says the road now has ''a fairly smooth surface with the possible exception of some brick pavement at what is called the gas station.'' His main criticism of the road for present use is that it contains some short curves and some narrow, dangerous stretches of from 13' 6'' to 18' 4'' in width, which have practically no shoulders. A number of accidents have happened at these places.

The commission contemplated at one time enlarging the curves and widening the narrow stretches on this road, but claims that the prices asked by abbutting landowners made the purchase of additional rights of way prohibitive. If these objectionable places were to be considered alone, it would seem that the commission should take some steps immediately to lessen their danger. But this road is not the only one under the supervision of the commission which needs to be improved. The chairman of the commission testified that there were other state roads ''very much inferior to this particular piece of road.'' He pointed out several state roads with only nine feet of hard surface, and some 150 miles of state routes without any hard surface. It is discretionary with the commission as to when and where it will make improvements. That discretion cannot be controlled ordinarily by mandamus. See *Ellis* v. *Commission,* 100 W. Va. 531.

131 S. E. 7. We cannot say that the position of the commission is arbitrary or capricious in this case, particularly in view of (a) the probability that the Simpson Fork Route will relieve the Limestone Valley Road of some fifty per cent. of the present traffic, and (b) of the unqualified declaration of the chairman of the commission that it intends to maintain the Limestone Valley Road "suitable to the amount of traffic that goes over it." The proof shows the road is not suitable now for *present* traffic, but we feel that the commission should be given further time without judicial interference to work out this problem in its own way.

A paramount concern of the petitioners is that the commission will allow the road to wear out, and will turn it back to the county after the Simpson Fork Route is completed. The commission has no authority now to return this road to the county. See *Yost* v. *Commission*, 96 W. Va. 184. 122 S. E. 527. If such authority is ever conferred by the legislature, it should, and doubtless will, impose such conditions as will safeguard the rights of petitioners and others along the road.

Accordingly, the writ is refused.

*Writ refused.*