PAUL R. HINKLE *v.* THE TOWN OF FRANKLIN *et al.*

(No. 8557)

Submitted April 13, 1937. Decided May 4, 1937.

*Charles D. Smith,* for relator.
*M. S. Hodges,* for Town of Franklin.
*Frank L. Willingham,* for M. L. O'Neale, state director.

HATCHER, JUDGE:

The town of Franklin, one of the respondents, employed Paul R. Hinkle, the petitioner, to prepare plans for, and to supervise the construction of, a proposed waterworks system. He was to be paid eight per cent of the final cost of the construction. The town had no funds for this project and it was financed to the extent of $49,-815.00 by the Federal Emergency Administration of Public Works, of which M. L. O'Neale, another respondent, is acting State Director for West Virginia. The federal aid was not furnished as a lump sum, but as the sum total of several allotments based on approved estimates, viz: $42,884.00 for the construction itself, $3,-431.00 for engineering fees and the balance for other incidental expenses. Later it was found that the construction would cost more than its estimate. So, at the request of the town, the Director transferred to the allotment for construction $830.47 from the allotment to

engineering. This was done, without notice to petitioner. He alleges that he has been paid $2,588.69 on his fees; that by reason of the progress of the construction, there is past due him now $830.47; and that the town does not and will not have means to pay this balance, except from the federal funds. He prays for a writ of mandamus, the main purpose of which is to require the town and the Director to transfer the $830.47 back to the engineering allotment. He also prays that the town be required to provide sufficient funds to finish paying for its waterworks system, under Acts, Extraordinary Session 1933, Chapter 26.

In *McClung* v. *Silliman,* 6 Wheat. 598, 605, 5 L. Ed. 340, the Supreme Court of the United States held that a state court could not control by mandamus an officer of the United States in the performance of his official duty. That decision has been taken as decisive. Referring thereto, later, the Supreme Court said: "It has been settled that a state court cannot issue a mandamus to an officer of the United States." *In re Blake,* 175 U. S. 114, 119, 20 S. Ct. 42, 44, 44 L. Ed. 94. Accord: *Ex parte Shockley,* 17 F. (2d) 133, 137, and the many cases there cited. Mr. O'Neale is such an officer; consequently, we cannot control his official conduct by mandamus. *Mallory* v. *Wheeler,* 151 Wis. 136, 138 N. W. 97, Ann. Cases 1914 B, 101, 105.

The petition and exhibits do not demonstrate that the town has proceeded under the provisions of the Act referred to. If, by his prayer, petitioner seeks to have us now require the town so to proceed, the prayer must be refused. Action under those provisions is discretional with the municipality, and a discretional act may not ordinarily be controlled by mandamus. *Reynolds* v. *Commission,* 111 W. Va. 398, 162 S. E. 319.

The writ is refused and the petition is dismissed.

*Writ refused and petition dismissed.*