# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2013 Term

_____

No. 12-0422

_____

FILED

November 5, 2013

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FERDINAND SORONGON,**
**Plaintiff Below, Petitioner**

v.

**WEST VIRGINIA BOARD OF PHYSICAL THERAPY,**
**Defendant Below, Respondent**

-----------------------------------------------------------------------------------

Appeal from the Circuit Court of Kanawha County
The Honorable Louis H. Bloom, Judge
Civil Action No. 11-AA-119

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

-----------------------------------------------------------------------------------

Submitted: September 4, 2013
Filed:  November 5, 2013

Ferdinand Sorongon
*Pro se* Petitioner

Patrick Morrisey, Esq.
Attorney General
Katherine A. Campbell, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for Respondent

The Opinion of the Court was delivered PER CURIAM.

**SYLLABUS BY THE COURT**

1.      "In a case where the appellee confesses error and indicates that the judgment should be reversed, this Court, upon ascertaining that the errors confessed are supported by law and constitute cause for the reversal of the judgment . . . will reverse the judgment[.]" Syl. pt. 4, *Petition of Hull*, 159 W. Va. 363, 222 S.E.2d 813 (1976).

2.      "Generally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use." Syl. pt. 4, *State v. Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959).

**Per Curiam:**

Petitioner Ferdinand Sorongon appeals the January 26, 2012, order of the Circuit Court of Kanawha County that affirmed the order of Respondent West Virginia Board of Physical Therapy revoking the petitioner's physical therapy license for failure to properly supervise physical therapist assistants and physical therapy aides employed by him. After careful review of the parties' arguments and the record herein, we affirm the circuit court's finding that Petitioner Sorongon failed to directly supervise a physical therapy aide who was performing patient treatment. However, we reverse the circuit court's finding that Petitioner Sorongon failed to appropriately supervise a physical therapist assistant who was performing patient treatment. Therefore, we affirm in part, reverse in part, and remand this case to Respondent Board of Physical Therapy for proceedings which are consistent with this opinion.[1]

## I. FACTS

At all relevant times in this case, Petitioner Ferdinand Sorongon ("Mr. Sorongon), was a licensed physical therapist in West Virginia and the owner of the Kanawha Valley Physical Therapy Center which operated two facilities in Dunbar and Teays Valley.

---

[1] While this case was pending before the Court, Patrick Morrisey was sworn into office as the Attorney General for the State of West Virginia, replacing former Attorney General Darrell V. McGraw, Jr.

In April 2008, Respondent West Virginia Board of Physical Therapy ("the Board")[2] received a complaint against Mr. Sorongon alleging essentially that he failed to adequately supervise physical therapist assistants[3] and physical therapy aides[4] employed by him in their treatment of patients.

As a result of the complaint, the petitioner entered into a consent agreement with the Board in February 2009. In the consent agreement, the Board found a lack of appropriate supervision by Mr. Sorongon, the physical therapist on site, and the inappropriate delegation of clinical supervision of physical therapist assistants and physical therapy aides to an athletic trainer in violation of W. Va. Code §§ 30-20-

---

[2] The Board of Physical Therapy regulates the practice of physical therapy including the licensing and disciplining of physical therapists in West Virginia. *See* W. Va. Code §§ 30-1-1 *et seq* and 30-20-1 *et seq.*

[3] A "'Physical therapist assistant' means

> a person holding a license or permit issued under the provisions of [W. Va. Code, ch. 30, art. 20] who assists in the practice of physical therapy by performing patient related activities delegated to him or her by a physical therapist and performs under the supervision of a physical therapist . . . patient related activities commensurate with his or her education and training, including physical therapy procedures, but not the performance of evaluative procedures or determination and modification of the patient plan of care."
> W. Va. Code § 30-20-3(14) (2010).

[4] A "'Physical therapy aide' means a person trained under the direction of a physical therapist who performs designated and routine tasks related to physical therapy services under the direct supervision of a physical therapist." W. Va. Code § 30-20-3(12) (2010).

10(b)(8) and (9)[5] and W. Va. Code of State Rule § 16-1-2.6.[6] The Board, placed Mr. Sorongon on probation for a period of two years beginning in February 2009. The parties agreed that during the probationary period, the Board was permitted to perform random and unannounced visits to Mr. Sorongon's physical therapy facilities to ensure his compliance with the rules governing physical therapists.

On May 26, 2010, Cynthia Fox, as a representative of the Board, made an unannounced visit to Mr. Sorongon's Dunbar facility. Ms. Fox's inspection of the

---

[5] W. Va. Code §§ 30-20-10(b)(8) and (9) (1999), which were in effect during the time period in question, provide that

> (b) The board [of physical therapy] shall have the authority to reprimand, enter into consent decrees, enter into probation orders, levy fines not to exceed one thousand dollars per day per violation, assess administration fees, suspend or revoke the license or temporary permit of any licensee who the board determines has. . . . (8) Treated or undertaken to treat a human being otherwise than by physical therapy and as authorized by this article; (9) Failed or refused to comply with the provisions of this article or any reasonable rule promulgated by the board hereunder or any order or final decision of the board[.]

[6] W. Va. Code of State Rules § 16-1-2.6 (2000), which was in effect during the time period in question states:

> "Supervision". As contained in this section, the term "supervision" shall mean authoritative procedural guidance by a licensed Physical Therapist for the accomplishment of a function or activity, with initial direction and periodic inspection on a regular basis by a Physical Therapist of the actual act of accomplishing the function or activity. The supervising Physical Therapist is responsible for and as such must participate in the patient's care.

facilities and additional investigation resulted in the Board issuing a statement of charges which alleged additional violations of the rules regarding Mr. Sorongon's supervision of physical therapist assistants and aides.

After an administrative hearing at which Ms. Fox, among others, testified at length, the hearing examiner found in a recommended order dated August 18, 2011, that Mr. Sorongon violated the terms of the consent agreement by failing to properly supervise physical therapy aides on a routine basis at both of his facilities and that he exceeded the supervision ratio with certain physical therapist assistants and aides on a routine basis at both of his facilities. By order dated August 29, 2011, the Board adopted the hearing examiner's recommended order in its entirety, revoked Mr. Sorongon's physical therapy license, ordered Mr. Sorongon to pay to the Board the costs of the proceeding, and determined that Mr. Sorongon shall not be eligible to make application for licensure with the Board until all of the costs are paid in full.

Mr. Sorongon appealed the Board's decision to the Circuit Court of Kanawha County. By order dated January 26, 2012, the circuit court affirmed the Board's order. The circuit court found in its order that it was legal error for the Board to admit evidence at the administrative hearing that was obtained after the issuance of the statement of charges to prove allegations within the statement of charges. Notwithstanding this error, the circuit court decided that the Board's final order should be affirmed as the Board presented sufficient evidence obtained during its investigatory

4

stage or on May 26, 2010, to substantiate two of the violations alleged in the statement of charges. Specifically, the circuit court concluded that Ms. Fox's testimony at the administrative hearing supported the Board's finding that Mr. Sorongon failed to directly supervise a physical therapy aide in her treatment of a patient in the Dunbar facility's gym area. Second, the circuit court found that Ms. Fox's testimony supported the Board's finding that a physical therapist assistant performed treatment on two patients in the pool area out of Mr. Sorongon's direct line of sight.

## II. STANDARD OF REVIEW

With regard to this Court's standard of review of the circuit court's order, we have held that

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996). In addition, we note that the circuit court amended the Board's decision to the extent that it rejected the Board's finding that Mr. Sorongon exceeded the supervision ratio with certain unlicensed staff members in violation of specific statutory provisions and legislative rules. "In cases where the circuit court has amended the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of

5

law *de novo*." Syl. pt. 2, *Muscatell*. With these standards to guide us, we now proceed to consider the specific assignments of error raised by Mr. Sorongon.

## III. DISCUSSION

First, Mr. Sorongon asserts error in the circuit court's finding that Kate Lambdin, a licensed physical therapist assistant, required "direct supervision" by Mr. Sorongon when she was treating patients in the Dunbar facility's pool area on May 26, 2010. In its response brief, the Board admits that the circuit court erred when it found that a physical therapist assistant required "direct supervision" as opposed to "on-site supervision." The Board explains that when a physical therapist assistant is employed in an independent practice setting such as the petitioner's Dunbar facility, a physical therapist must provide on-site supervision which means that the physical therapist is present in the building. According to the Board, the evidence shows that Mr. Sorongon was in the building when Ms. Lambdin was treating patients in the pool area.

This Court has held that "[i]n a case where the appellee confesses error and indicates that the judgment should be reversed, this Court, upon ascertaining that the errors confessed are supported by law and constitute cause for the reversal of the judgment . . . will reverse the judgment[.]" Syl. pt. 4, *Petition of Hull*, 159 W. Va. 363, 222 S.E.2d 813 (1976). Upon our review of this issue, this Court agrees with the parties that the circuit court erred in holding that Ms. Lambin, a physical therapist assistant, required direct supervision by Mr. Sorongon.

6

According to W. Va. Code R. § 16-1-9.1a. (2009), which was in effect during the time period at issue,[7] "[w]hen care is delivered in a[n] . . . independent practice setting, a Physical Therapist must provide on-site supervision" to a physical therapist assistant. The rules define "on-site supervision" to mean that "the supervising physical therapist is continuously on-site and present in the building where services are provided, is immediately available to the person being supervised, and maintains continued involvement in appropriate aspects of each treatment session." W. Va. Code R. § 16-1-2.5 (2009). In the instant case, Ms. Lambdin, a licensed physical therapist assistant, was performing physical therapy in the pool with two patients at the time of Ms. Fox's inspection. It is undisputed that Mr. Sorongon was in the building at the time of treatment, and therefore he did not violate the supervision requirements for a physical therapist assistant. Accordingly, this Court reverses the circuit court's order to the extent that it found that Mr. Sorongon violated the requirements for a physical therapist's supervision of a physical therapist assistant.

Second, Mr. Sorongon assigns as error the court's finding that Sherry Sayre, a physical therapy aide, was required to be in Mr. Sorongon's "direct line of sight," because no such requirement existed at the time of the May 26, 2010, inspection or the July 1, 2010, statement of charges.

---

[7] The most recent version of this rule became effective June 16, 2011.

7

Mr. Sorongon explains that at the time of Ms. Fox's visit to his facility, W. Va. Code § 30-20-2(h)(1) (1999), defined "direct supervision" as "the actual physical presence of the physical therapist in the immediate treatment area where the treatment is being rendered." However, notes Mr. Sorongon, at the time of Ms. Fox's May 26, 2010, inspection, none of the statutes, rules or regulations then in effect defined "immediate treatment area" as requiring the presence of the physical therapist in the direct line of sight or within audible distance of the physical therapy aide subject to supervision. It was not until June 16, 2011, that the term "immediate treatment area" was defined to mean "the area within the physical therapist's direct line of sight or within audible distance of the physical therapist and the ability of the physical therapist to immediately respond to calls for assistance from the patient or physical therapy aide." *Citing* W. Va. Code R. § 16-1-2-2.5, 2.7 (2011). Mr. Sorongon posits that the Board's retroactive application of this rule to his conduct clearly is improper and exceeded the Board's statutory authority. Mr. Sorongon further avers that the phrase "immediate treatment area" in the applicable statute is unfairly vague because at the time of the operative events in this case, this phrase was nowhere defined.

This Court finds no merit to this assignment of error. According to W. Va. Code § 30-20-2(h) (1999):

> "Physical therapy aide" means a person, other than a physical therapy assistant, who assists a licensed physical therapist in the practice of physical therapy under the **direct supervision** of such licensed physical therapist and who also

8

performs activities supportive of but not involving assistance in the practice of physical therapy.

(Emphasis added.) The term "direct supervision" was defined by W. Va. Code § 30-20-2(h)(1) as "the actual physical presence of the physical therapist in the immediate treatment area where the treatment is being rendered."

We disagree with Mr. Sorongon that the term "immediate treatment area" is vague. Under our law, "[g]enerally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use." Syl. pt. 4, *State v. Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959). Giving the term "immediate treatment area" its ordinary and familiar meaning in the context of a physical therapist's direct supervision of a physical therapy aide, the term clearly means that the physical therapist must be close enough to the physical therapy aide to either witness or hear her actions and to communicate with her as she treats a patient.

Finally, this Court concludes that the circuit court did not err in finding that on May 26, 2010, "Ms. Fox saw first-hand a physical therapy aide performing patient treatment in the gym area without the physical presence of the Petitioner or any other physical therapist in the immediate treatment area." This finding is substantiated by Ms. Fox's testimony at the administrative hearing that she walked into the gym area of Mr. Sorongon's Dunbar facility and observed Sherry Sayre, a physical therapy aide,

performing some type of seated leg exercises on a mat table with an elderly female patient. Ms. Fox indicated that Mr. Sorongon was not present in the gym area at this time. After completing her tour of the facility, Ms. Fox returned to the gym area several minutes later and saw that the elderly female patient was still present in the gym area with the physical therapy aide along with a male patient confined to a wheelchair. Ms. Fox observed the male patient doing some type of exercise wherein he was pulling himself out of the wheelchair with a wall ladder. Ms. Fox testified that Mr. Sorongon was not in the gym area at this time either. Based on this evidence, this Court finds no error in the circuit court's conclusion that Mr. Sorongon failed to directly supervise a physical therapy aide who was providing treatment to a patient.[8]

## IV. CONCLUSION

Based on our discussion above, this Court affirms the circuit court's finding that Mr. Sorongon failed to provide direct supervision of a physical therapy aide in the treatment of a patient. However, this Court reverses the circuit court's finding that Mr. Sorongon failed to properly supervise a physical therapist assistant in rendering treatment. Further, we remand this case to the Board of Physical Therapy for proceedings

---

[8] Mr. Sorongon raises a third assignment of error which is that in revoking Mr. Sorongon's physical therapy license based on standards not yet formally adopted, the Board exceeded its statutory authority. Because this Court finds that Mr. Sorongon's license was not revoked based on standards not yet formally adopted, we also find no merit to this assignment of error.

not inconsistent with this opinion. Accordingly, the January 26, 2012, order of the Circuit Court of Kanawha County is affirmed in part, reversed in part, and remanded.

                                        Affirmed in part, reversed in part, and remanded.

11