IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2023 Term

_____

No. 22-0109
_____

FILED
October 16, 2023
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

ARON FREELAND,
Petitioner below, Petitioner,

v.

WILLIAM K. MARSHALL, COMMISSIONER, WEST VIRGINIA
DIVISION OF CORRECTIONS AND REHABILITATION,
Respondent below, Respondent.

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Kenneth D. Ballard, Judge
Civil Action No. 20-P-285

REVERSED AND REMANDED WITH DIRECTIONS
_____

Submitted: September 26, 2023
Filed: October 16, 2023

Edward L. Bullman, Esq.
Bullman and Bullman
Charleston, West Virginia
Counsel for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Grant Newman, Esq.
Assistant Solicitor General
Charleston, West Virginia
Counsel for the Respondent

JUSTICE HUTCHISON delivered the Opinion of the Court.

# SYLLABUS OF THE COURT

1. "A *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus." Syl. Pt. 1, *Harrison County Commission v. Harrison County Assessor*, 222 W. Va. 25, 658 S.E.2d 555 (2008).

2. "Interpreting a statute . . . presents a purely legal question subject to *de novo* review." Syl. Pt. 1, in part, *Appalachian Power Co. v. State Tax Department*, 195 W. Va. 573, 466 S.E.2d 424 (1995).

3. "Mandamus lies to require the discharge by a public officer of a nondiscretionary duty." Syl. Pt. 3, *State ex rel. Greenbrier County. Airport Authority v. Hanna*, 151 W. Va. 479, 153 S.E.2d 284 (1967).

4. "Mandamus is a drastic remedy to be invoked only in extraordinary situations[.]" Syl. Pt. 2, in part, *State ex rel. Sowards v. County Commission of Lincoln County*, 196 W. Va. 739, 474 S.E.2d 919 (1996).

5. "Mandamus will issue where the undisputed facts show that petitioner has clear legal right to the performance of the act demanded, and a corresponding duty rests upon respondent to perform that duty; and that there is no other adequate remedy open to

petitioner." Syl., *Board of Education of Fayetteville Dist. v. Lawson*, 113 W. Va. 60, 166 S.E. 696 (1932).

6.     "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syl. Pt. 1, *Nelson v. West Virginia Public Employees Insurance Board*, 171 W. Va. 445, 300 S.E.2d 86 (1982).

7.     "It is settled that in mandamus proceedings where a public officer willfully fails to obey the law, costs will be awarded." Syl. Pt. 3, *Nelson v. West Virginia Public Employees Insurance Board*, 171 W. Va. 445, 300 S.E.2d 86 (1982).

**HUTCHISON, Justice:**

The Petitioner, Aron Freeland, a convicted felon incarcerated in the West Virginia Division of Corrections and Rehabilitation ("DCR") penal system, appeals a final order of the Circuit Court of Kanawha County entered on January 13, 2022, denying his requested writ of mandamus against the Respondent, William K. Marshall, DCR Commissioner ("the Commissioner").[1] Finding that the circuit court erred in denying a writ of mandamus, we reverse and remand this case for entry of an order consistent with this opinion.

## I.    Facts and Procedural Background

The Petitioner filed a self-represented petition for a writ of mandamus against the Respondent on October 7, 2020. In this petition, the Petitioner claimed the Commissioner had a duty to "develop a policy directive and/or operational procedure that is in compliance with the [sic] W. Va. Code § 15A-4-17(*i*) that was passed in July 2018 in HB 4338 during the legislative session."[2] On October 7, 2020, West Virginia Code § 15A-4-17(i) provided, "[t]he superintendent may, with the approval of the commissioner, allow extra good time for inmates who perform exceptional work or service." During the

---

[1]During this litigation, William K. Marshall replaced Betsy Jividen as the DCR Commissioner. We previously substituted Commissioner Marshall as the Respondent in this case under West Virginia Rule of Appellate Procedure 41(c).

[2]The legislative history shows that this legislation actually was passed in March of 2018 with an effective date of July 1, 2018.

1

pendency of the Petitioner's mandamus case in circuit court, the Legislature amended West

Virginia Code § 15A-4-17(i) (effective April 30, 2021) in S.B. 713 so that is now reads:

> (i)(1) An eligible inmate may receive extra good time in the sole discretion of the commissioner for meritorious service or performing extra assigned duties during emergencies; and

> (2) In addition to the good time granted under subsection (c) of this section and that authorized by subdivision (1) of this subsection, an eligible inmate serving a felony sentence may receive up to 90 days good time per program for successfully completing an approved, but not required, academic or vocational program, which is not part of the inmate's required individualized reentry programing plan. The commissioner shall adopt a written policy to effectuate the purposes of this subsection.

On August 6, 2021, the circuit court appointed the Petitioner counsel and on

December 15, 2021, convened a hearing on the Petitioner's mandamus request. At the

hearing, the Petitioner's counsel argued that the Legislature's use of the word "shall" in

amended West Virginia Code § 15A-4-17(i) imposed a mandatory duty upon the

Commissioner to adopt a written policy and the Legislature's use of the term "subsection"

applied that duty to the entirety of (i), both (1) and (2)—which were subdivisions of

subsection (i).[3]

---

[3]At oral argument before us, the Commissioner argued that because the Petitioner did not file an amended complaint, he could not rely on the 2021 amendments to West Virginia Code § 15A-4-17(i). However, the unpled claims under the 2021 statutory amendments were tried with the Commissioner's implicit consent at the circuit court's mandamus hearing. Therefore, we exercise our discretion to constructively amend the complaint. *See* Louis J. Palmer and Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure* 489 (5th ed. 2017) ("An appellate court has the discretionary power under certain circumstances to amend a complaint constructively to recognize unpleaded claims. Constructive amendment is a judicially crafted doctrine that

2

The Commissioner, though, asserted the sentence "[t]he commissioner shall adopt a written policy to effectuate the purposes of this subsection" applied only to (i)(2) and not (i)(1) because the right to good time under (i)(1) rests in the Commissioner's "sole discretion." The Commissioner also informed the circuit court that, while no written policy existed as to (i)(2), "the [Division of Corrections] is currently working on policy language for that subsection as required by the statute."

By written order entered January 13, 2022, the circuit court denied the requested writ of mandamus finding, in pertinent part:

> The clear language of both W. Va. Code § 15A-4-17(i) and also the amendments [to it in 2021 in S.B. 713] place the authority [to award good time] in the sole discretion of the commissioner with approval from the superintendents. Nothing in this section requires or contemplates a policy directive and/or operational procedure relating to extra good time. Therefore, the Petitioner fails to demonstrate "the existence of a clear legal right in the petition to the relief sought." Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969). Further, the Petitioner has failed to establish "the existence of a legal duty on the part of respondent to do the thing which petitioner seeks to compel." *Id.*

The Petitioner appealed the denial of the writ of mandamus to this Court.

courts have extrapolated from the language of Rule [of Civil Procedure] 15(b). As a general rule, an appellate court will permit an amendment only when the effect will be to acknowledge that certain issues upon which the lower court's decision has been based or issues consistent with the trial court's judgment have been litigated."); *see* W. Va. R. Civ. P. 15(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

3

## II.    Standard of Review

The case before us is an appeal of a denial for a writ of mandamus. This Court's review in such cases is plenary, as we have held, "[a] *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus." Syl. Pt. 1, *Harrison Cnty. Comm'n v. Harrison Cnty. Assessor*, 222 W. Va. 25, 658 S.E.2d 555 (2008). This case also requires us to address West Virginia Code § 15A-4-17(i) (2021). In matters of statutory interpretation, we also owe the circuit court no deference. "Interpreting a statute . . . presents a purely legal question subject to *de novo* review." Syl. Pt. 1, in part, *Appalachian Power Co. v. State Tax Dep't*, 195 W. Va. 573, 466 S.E.2d 424 (1995). With these standards in mind, we look to the issues at hand.

## III.  Discussion

On an appeal of a final order from circuit court in a mandamus case, this Court's obligation is to determine "*de novo* whether the legal prerequisites for mandamus relief are present." *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 214, 470 S.E.2d 162, 168 (1996). Thus, we commence with examining those prerequisites.

"Mandamus lies to require the discharge by a public officer of a nondiscretionary duty." Syl. Pt. 3, *State ex rel. Greenbrier Cnty. Airport Auth. v. Hanna*, 151 W. Va. 479, 153 S.E.2d 284 (1967). Such a non-discretionary duty may arise because of a statutory obligation. *See, e.g.*, Syl. Pt. 2, *Hickman v. Epstein*, 192 W. Va. 42, 450 S.E.2d 406 (1994) ("The function of a writ of mandamus is to enforce the performance of

4

official duties arising from the discharge of some public function, or imposed by statute."). Because "[m]andamus is a drastic remedy to be invoked only in extraordinary situations[,]" Syl. Pt. 2, in part, *State ex rel. Sowards v. Cnty. Comm'n of Lincoln Cnty.*, 196 W. Va. 739, 474 S.E.2d 919 (1996), "it should be invoked sparingly." *State ex rel. Billings v. City of Point Pleasant*, 194 W. Va. 301, 303, 460 S.E.2d 436, 438 (1995). A party seeking a writ of mandamus shoulders a heavy burden. *State ex rel. Richey v. Hill*, 216 W. Va. 155, 160, 603 S.E.2d 177, 182 (2004). "To invoke mandamus the relator must show (1) a clear right to the relief sought; (2) a legal duty on the part of the respondent to do the thing relator seeks; and (3) the absence of another adequate remedy." Syl. Pt. 2, *Myers v. Barte*, 167 W. Va. 194, 279 S.E.2d 406 (1981). If a petitioner fails to satisfy any of these factors, mandamus will not issue. *See State ex rel. Burdette v. Zakaib*, 224 W. Va. 325, 331, 685 S.E.2d 903, 909 (2009) (a failure to satisfy any of the three mandamus elements is fatal to the request for mandamus). Conversely, while the mandamus factors pose significant hurdles, they are not insurmountable; when a Petitioner satisfies all three elements, a writ of mandamus will issue. "Mandamus will issue where the undisputed facts show that petitioner has clear legal right to the performance of the act demanded, and a corresponding duty rests upon respondent to perform that duty; and that there is no other adequate remedy open to petitioner." Syl., *Bd. of Educ. of Fayetteville Dist. v. Lawson*, 113 W. Va. 60, 166 S.E. 696 (1932). We turn now to determining whether the Petitioner has carried his burden as to the mandamus elements.

A.

*The Petitioner has a clear legal right, and the Commissioner has a corresponding legal duty.*

The crux of this case involves the final sentence of West Virginia Code § 15A-4-7(i)(2), which provides, "[t]he commissioner shall adopt a written policy to effectuate the purposes of this subsection." We have held that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. Pt. 1, *Smith v. State Work. Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). That intention is to be garnered first and foremost from the language the legislature uses in the statute. "In order to ascertain legislative intent, it is necessary to consider the wording of the statute at issue." *Lowe v. Richards*, 234 W. Va. 48, 55, 763 S.E.2d 64, 71 (2014). "It is basic in our law and universally accepted that where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." *Crockett v. Andrews*, 153 W. Va. 714, 718, 172 S.E.2d 384, 386 (1970). Thus, in matters of statutory review, "[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co.*, 195 W. Va. at 587, 466 S.E.2d at 438.

We find the text of West Virginia Code § 15A-7-17(i) is plain. The final sentence of West Virginia Code § 15A-4-17(i)(2) uses the word "shall." "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation."

6

Syl. Pt. 1, *Nelson v. W. Va. Pub. Emps. Ins. Bd.*, 171 W. Va. 445, 300 S.E.2d 86 (1982). Further, the Legislature's use of the word "shall" in a statute also ordinarily indicates that the duty imposed is non-discretionary. *Currey v. State of W. Va. Hum Rts. Comm'n*, 166 W. Va. 163, 166, 273 S.E.2d 77, 79 (1980) ("The use of the word 'shall' throughout this section indicates that the commission's duties are nondiscretionary."). Hence, the Legislature's use of the word "shall" normally imposes a mandatory, non-discretionary duty to perform the action mandated. We therefore conclude that West Virginia Code § 15A-4-17(i)(2) imposes upon the Commissioner a clear legal duty to (and correspondingly in this case grants to the Petitioner a legal right to have the Commissioner) adopt a written policy effectuating the purposes of "this subsection."

The parties, though, differ as to what constitutes "this subsection." The Petitioner asserts that "this subsection" applies to all of West Virginia Code § 15A-4-17(i), i.e., both (i)(1) and (i)(2). The Commissioner contends in his summary response[4] that "this

---

[4]During oral argument in this Court, the Commissioner's counsel raised several arguments that were not made in his summary response. We have explained that "appellate courts generally do not consider issues or arguments raised for the first time in oral argument because such issues or arguments are waived by failure to include them in the appellate brief." *Argus Energy, LLC v. Marenko*, ___ W. Va. ___, ___, 887 S.E.2d 223, 228-29 (2023) (footnotes omitted). Thus, we summarily refuse to consider the Commissioner's new arguments—save one. The Commissioner asserted in his oral argument to this Court that the Petitioner failed to exhaust his administrative remedies and that this deprived the courts of jurisdiction. Alleged defects in jurisdiction may be raised at any time, even when the first time is at oral argument on appeal. *Id*. at ___, 887 S.E.2d at 229. This recognition does not aid the Commissioner, though, as the exhaustion of administrative remedies doctrine is not jurisdictional. "The general requirement of the exhaustion of administrative remedies is not a jurisdictional doctrine, but is a matter of comity, within the discretion of the trial court." Syl. Pt. 5, *Wiggins v. Eastern Associated*

subsection" applies only to West Virginia Code § 15A-4-17(i)(2), but not as to (i)(1).[5] We agree with the Petitioner.

"Courts are obligated to 'presume that a legislature says in a statute what it means and means in a statute what it says there.'" *State ex rel. Biafore v. Tomblin*, 236 W. Va. 528, 533, 782 S.E.2d 223, 228 (2016) (quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–254 (1992)). The Legislature used the terminology "this subsection" in West Virginia Code § 15A-4-17(i)(2). It is obvious from West Virginia Code § 15A-4-17(i)(2) that the term "subsection" encompasses all its component parts which are

---

*Coal Corp.*, 178 W. Va. 63, 357 S.E.2d 745 (1987). Consequently, the Petitioner waived reliance on the doctrine of administrative exhaustion, at the very least, by not asserting it in his summary response. And were we to address exhaustion, we would still rule against the Commissioner because "[t]he doctrine of exhaustion of administrative remedies is inapplicable where resort to available procedures would be an exercise in futility." Syl. Pt. 1, *State ex rel. Bd. of Educ. of Kanawha Cnty. v. Casey*, 176 W. Va. 733, 349 S.E.2d 436 (1986). We believe exhaustion is excused here under this futility doctrine. *See infra*-Part III.B.

[5]While this appeal was pending, the Commissioner adopted Policy Directive No. 151.06 (eff. May 30, 2022) which addressed good time under subdivision (2) of subsection (i). To the extent the Petitioner is claiming mandamus relief to compel the Commissioner to adopt a written policy as to (i)(2), we find any such claim moot with the Commissioner's adoption of Policy Directive No. 151.06. "The writ of mandamus will not issue to compel the performance of a duty already discharged." Syl. Pt. 1, *Monongalia Improvement Co. v. Morris*, 106 W. Va. 243, 145 S.E. 387 (1928); *see also Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 226 (E.D.N.Y. 2021) (citation omitted) ("'Defendants discharged any non-discretionary duty they may have owed to Plaintiff. . . . Plaintiff's claim is thus moot insofar as it seeks a writ of mandamus to order Defendants to perform duties they have already performed.'").

denominated "subdivision[s]." *See id*. ("In addition to the good time granted under subsection (c) of this section and that authorized by subdivision (1) of this subsection . . . ."). [6] Thus, the term "this subsection" in West Virginia Code § 15A-4-17(i) necessarily includes the *entirety* of subsection (i), that is, both of its subdivisions (i)(1) and (i)(2). If the Legislature had meant to limit the Commissioner's duty only to subdivision (2), then the final sentence of West Virginia Code § 15A-4-17(i)(2) would have read "[t]he commissioner shall adopt a written policy to effectuate the purposes of this subsectiondivision." The Legislature did not so pen West Virginia Code § 15A-4-17(i)(2) and "we cannot rewrite the statute . . . nor can we interpret the statute in a manner inconsistent with the plain meaning of the words." *VanKirk v. Young*, 180 W. Va. 18, 20, 375 S.E.2d 196, 198 (1988).

The Commissioner further argues mandamus relief is unavailable because the Legislature vested him with the "sole discretion" to award additional good time under West Virginia Code § 15A-7-4(i)(1). The Commissioner's position misconstrues the Petitioner's argument.

---

[6]This is substantiated by the West Virginia Legislature's *Bill Drafting Manual* that explains a "subsection" is an independent part of a section and is usually delineated by a lower-case letter. W. Va. Leg., *Bill Drafting Manual* 48 (Rev. ed. Dec. 2018); *see also* W. Va. Leg., *Bill Drafting Manual 43* (Rev. ed. Dec. 2022). According to the *Bill Drafting Manual*, dependent subparts of a subsection are termed "subdivisions." W. Va. Leg., *Bill Drafting Manual* 48 (Rev. ed. Dec. 2018); *see also* W. Va. Leg., *Bill Drafting Manual* 43 (Rev. ed. Dec. 2022).

The Commissioner correctly identifies that mandamus ordinarily will not lie to control discretion. "Mandamus cannot be employed ordinarily to control official discretion." Syl. Pt. 1, *Reynolds v. State Rd. Comm'n*, 111 W. Va. 398, 162 S.E. 319, 319 (1932); s*ee also Beverly Grill, Inc., v. Crow*, 133 W. Va. 214, 219, 57 S.E.2d 244, 246 (1949) ("This Court has held, in numerous decisions, that mandamus will not lie to control an administrative or executive officer in the performance of a discretionary act, in the absence of caprice, passion, partiality, fraud, arbitrary conduct, some ulterior motive or misapprehension of law upon the part of such officer."). The Petitioner, though, is not claiming that the Commissioner must award him good time under West Virginia Code § 15A-4-17(i)(1). If that was the Petitioner's position, the Commissioner' argument that mandamus does not lie in this case might have merit. Instead, the Petitioner is arguing the Commissioner must adopt a written policy to effectuate the purposes of subdivision (1) of subsection (i). And mandamus will compel the adoption of a written policy as directed by the Legislature for that duty is non-discretionary. *See Rogers v. Hechler*, 176 W. Va. 713, 717, 348 S.E.2d 299, 303 (1986) ("[N]ondiscretionary duties include the promulgation of rules and regulations pursuant to legislative mandate."); *accord State ex rel. East End Ass'n v. McCoy*, 198 W. Va. 458, 472, 481 S.E.2d 764, 778 (1996).[7]

---

[7]We hasten to add that while mandamus lies to compel the Commissioner to adopt a written policy, the contents of that policy rest within the Commissioner's sole discretion and generally cannot be controlled by mandamus. *See Richmond Funeral Directors' Ass'n v. Groth*, 120 S.E.2d 467, 470-71 (Va. 1961) (mandamus will lie to compel a City Director to promulgate parking regulations when directed to do so by municipal ordinance but will not lie to compel what the contents of the regulations should be).

10

B.

*The Petitioner has no other adequate remedy at law.*

The circuit court did not address whether the Petitioner had an adequate remedy at law that would bar mandamus relief. For the following reasons, we conclude that there are no other adequate remedies.

While "[g]enerally mandamus is not an appropriate remedy where another sufficient and specific remedy exists[,]" *State ex rel. Lawhead v. Kanawha Cnty. Ct.*, 129 W. Va. 167, 169, 38 S.E.2d 897, 898 (1946), "if such other remedy is inadequate or is not equally as beneficial, convenient and effective, mandamus will lie." *State ex rel. Smoleski v. Cnty. Ct. of Hancock Cnty.*, 153 W. Va. 307, 312, 168 S.E.2d 521, 524 (1969). The Petitioner's brief asserts he "has no other adequate remedy at law. Petitioner has exhausted his administrative remedies by filing grievances and writing directly to the office of the commissioner." The Commissioner's summary response does not respond to the Petitioner's claim that the Petitioner has no other adequate remedy besides mandamus. The Commissioner's failure to address this contention in his summary response legally constitutes his tacit agreement that the Petitioner has no other adequate remedy at law. *See* W. Va. R. App. P. 10(d) ("If the respondent's brief fails to respond to an assignment of error, . . . the Supreme Court will assume that the respondent agrees with the petitioner's view of the issue."); *id*. 10(e) ("A summary response need not comply with all the requirements for a brief set forth in this rule but must contain an argument responsive to

11

the assignments of error[.]"). Thus, we consider the Commissioner's failure to respond to Petitioner's claim that he has no other adequate remedy other than mandamus as a confession of error. *See, e.g.,* 5 Am. Jur. 2d *Appellate Review* § 477 (2018) ("If an appellee fails to respond to an issue in its brief, the court may treat the failure to respond as a confession that the appellant's position is correct[.]").

A confession of error is not dispositive, though. We have held that a confession of error does not relieve this Court of its judicial duty to independently examine the error confessed to determine if the confession of error is meritorious. *See, e.g.,* Syl. Pt. 1, *Sorongon v. W. Va. Bd. of Physical Therapy*, 232 W. Va. 263, 752 S.E.2d 294 (2013) (per curiam) ("In a case where the appellee confesses error and indicates that the judgment should be reversed, this Court, upon ascertaining that the errors confessed are supported by law and constitute cause for the reversal of the judgment . . . will reverse the judgment[.]" Syl. pt. 4, *Petition of Hull*, 159 W.Va. 363, 222 S.E.2d 813 (1976)."); *see also* 5 C.J.S. *Appeal and Error* § 1081 (2019) ("[T]he appellate court is not relieved of its duty to perform its judicial function by a party's filing of confession of error, as it is still obligated to independently examine the errors confessed in order to protect the public interest.").

In the circuit court, the Commissioner asserted that the DCR grievance system provided an adequate remedy in lieu of mandamus. However, given the Commissioner's consistent position throughout this litigation (both in the circuit court and

before this Court) that he was not obligated to adopt a written policy as to (i)(1), resort to the DCR grievance system would have proven futile. *See, e.g., Athlone Indus., Inc. v. Consumer Prod. Safety Comm'n*, 707 F.2d 1485, 1489 (D.C. Cir. 1983) (resort to administrative remedies would have been futile as it was "highly unlikely that the [agency] would change its position if the case were remanded to it" as it had "defended [its] position before this and other courts."). A futile administrative remedy is no remedy at all. *See Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 537 (1981) (Stevens, J., dissenting) ("A futile state remedy is not significantly different from no remedy at all."). Having independently reviewed whether the Petitioner has an adequate remedy other than mandamus to compel the Commissioner to adopt a written policy as directed by West Virginia Code § 15A-4-17(i), we conclude he does not.

The Petitioner has surmounted the high hurdles to prove entitlement to a writ of mandamus by establishing all three mandamus elements. The circuit court should have granted a writ of mandamus against the Commissioner ordering him to adopt a written policy to effectuate the purposes of subsection (i), which means both of subsection (i)'s subdivisions. Therefore, we reverse the circuit court's judgment and remand this case to the circuit court to issue a writ of mandamus.[8]

---

[8]The Petitioner asks the writ require the Commissioner to adopt a written policy within forty-five days. We decline to require the Commissioner to act by a date certain, as we are confident the Commissioner will act with dispatch in obeying the writ.

13

## C.

*The Petitioner is entitled to costs.*

The Petitioner avers that he "was required to expend his own limited funds to obtain performance of the Respondent of a mandatory duty" and that "he is entitled to recover his expenses such as postage and copies." We agree.

West Virginia Code § 53-1-8 provides, "[t]he writ peremptory shall be awarded or denied according to the law and facts of the case, and with or without costs, as the court or judge may determine." Indeed, "[i]t is settled that in mandamus proceedings where a public officer willfully fails to obey the law, costs will be awarded." Syl. Pt. 3, *Nelson v. W. Va. Pub. Emps. Ins. Bd.*, 171 W. Va. 445, 300 S.E.2d 86 (1982). The Commissioner asserts he acted honestly and in good faith in refusing to adopt a written policy, so an award of costs is precluded. *See Ney v. W. Va. Work. Comp. Fund*, 186 W. Va. 180, 183, 411 S.E.2d 699, 702 (1991) (per curiam) ("[C]osts will not be awarded in mandamus proceedings against a public officer who is honestly and in good faith endeavoring to perform his or her duty as he or she conceives it to be."). The plain language of West Virginia Code § 15A-4-17(i)(2) belies the Commissioner's position. When a public official deliberately and knowingly has refused to exercise a clear legal duty, a presumption exists in favor of awarding expenses that can be rebutted only upon a showing that extraordinary circumstances exist making an award of expenses inappropriate. *W. Va. Educ. Ass'n v. Consol. Pub. Ret. Bd.*, 194 W. Va. 501, 514, 460 S.E.2d 747, 760 (1995).

14

The Commissioner has not argued any extraordinary circumstances exist precluding an award of costs. As such, we also remand this case to the circuit court for further proceedings to determine the nature and amount of costs to which the Petitioner is entitled.[9]

### III.    Conclusion

For the foregoing reasons, we reverse the January 13, 2022, judgment of the Circuit Court of Kanawha County and remand this case for further proceedings consistent with this opinion.

Reversed and remanded with directions.

---

[9]The costs available to the Petitioner are of a limited duration. Since he prevailed because of the 2021 amendments to West Virginia Code § 15A-4-17(i), he may only claim costs he incurred after April 30, 2021, the effective date of that subsection.